ABIEL A. VAUGHAN & others, trustees, & others *vs.* SAMUEL W. BRIDGHAM & another, trustees.

SAMUEL W. BRIDGHAM & another, trustees, *vs.* ABIEL A. VAUGHAN & others, trustees, & others.

Suffolk. December 3, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice,* Multifariousness. *Nuisance. Equity Jurisdiction,* To enjoin nuisance.

The objection that a bill in equity is multifarious is waived by going to a hearing on the merits.

The owner of a building in a city adjoining a passageway ten feet wide, having the right to maintain windows, doors and other openings into and upon the passageway for light and air and to ventilate into it by any proper means, has no right to maintain and operate an electric fan in such a way as to send a current of heated air impure and charged with offensive smells into and across the passageway so as to strike a window of a building on the opposite side of the passageway and to enter it when open; and the owner and the lessee of such opposite building may maintain a suit in equity to enjoin such maintenance and operation of the fan as a nuisance, although the defendant's right of ventilation may include the right to project pure air into the passageway.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 10, 1904, by the owners and lessees of the land and building on the westerly side of Washington Street in Boston, numbered 235 to 239 on that street, the front portion of the building extending over and under a portion of "the passageway leading to Williams Court," against the owners of the land and building on the same side of Washington Street adjoining the southerly side of that passageway, to enjoin the defendants from maintaining, and to have them ordered to remove, a cornice, brackets, bar and sign projecting into the passageway, and to discontinue the use of an electric fan alleged to eject offensive gases, steam and smells into the plaintiffs' property.

ALSO, ANOTHER BILL IN EQUITY by the defendants in the first suit against the plaintiffs in that suit, to enjoin the defendants in such second suit from polluting the air of the same passageway, and to have them ordered to remove certain metal flues, a shaft and a metal grating alleged to project into the passageway unlawfully.

The two cases were heard together by *Morton, J.*, who made a memorandum of findings and rulings, the material portions of which are quoted and described in the opinion.

In the first case the justice made the following decree:

"First. That the fee in the passageway in said bill described is in the plaintiffs, the southerly line of their estate and the northerly line of the estate of the defendants being the southerly line of said passageway and the centre line of the party wall extending along the southerly side of that portion of the passageway over which the building of the plaintiffs is built, subject, however, to a right of way on the surface thereof appurtenant to the estate of the defendants and others, and also to a right on the part of the defendants to maintain doors, windows, and other openings through said party wall for light and air, and entrance and exit, provided the strength of said wall is not diminished thereby, and to ventilate into the said passageway by any proper means, if they do not thereby create a nuisance so as to interfere with the enjoyment by the plaintiffs and their tenants of the premises occupied by and belonging to them.

"Second. That the defendants and those holding under them have no right to extend and maintain bars, brackets, fans, signs, cornices, or any portion of their building northerly of the line thus established, and that such things, having been so placed by the defendants, or those holding or acting under them, be at once removed and so remain, save the cornices or any other portions of the defendants' building itself, so projecting beyond said line, which are to be removed whenever the plaintiffs remodel or otherwise change the front of their building, and no lapse of time hereafter shall affect the rights of the plaintiffs to have this part of this decree enforced.

"Third. That the defendants shall not by themselves, their tenants or agents, maintain the revolving fan in said bill described in any way which shall cause a current of heated or

impure air, or air charged with offensive smells, to strike upon or enter the opposite window of the plaintiffs.

"Fourth. That the plaintiffs recover their costs, taxed at $27.15."

The defendants appealed.

The plaintiffs appealed from so much of the decree as limited the injunction against discharging a current of air upon or into the plaintiffs' premises to a current of "heated or impure air, or air charged with offensive gases."

In the second case the justice made a decree that the bill be dismissed, with costs taxed at $23.99. The plaintiffs in that case appealed.

The following sketch of the locus was printed in the brief of the plaintiffs in the first case:

The land of the Abbot estate, owned and occupied by the plaintiffs in the first case, is a parcel measuring thirty feet on Washington Street and one hundred and twenty feet in depth, shown by the lines *A B C D.*

The land of the Fales estate, owned by the defendants in the first case, adjoins the above to the southward, and is a parcel measuring twenty-four feet on Washington Street and somewhat over one hundred and three feet in depth. It is shown on the sketch by the lines *C E F G.*

The building on the Abbot estate is thirty feet wide on the front on Washington Street, and continues westward, to a depth of about forty feet from Washington Street, of this same width of thirty feet, built with a party wall on each side. At that

point it narrows and continues westward, about twenty feet wide, on the northerly part of the lot, leaving a strip ten feet wide along the southern side of the lot unoccupied by any building. This southern strip of the lot forms a passageway, continuing westward to Court Square, and reaching Washington Street to the eastward by passing directly through the Abbot Building.

The things complained of in the first case occurred at or in the party wall *C a*, near the point *C*.

The things complained of in the second case occurred on the northerly side of the passageway, at or near the point *y*.

It was stated in the bill in the first case that Williams Court is supposed to have been in or near the westerly side of what is now Court Square, and that sometimes the name Williams Court is applied erroneously to the passageway itself even as far eastward as Washington Street.

*W. W. Vaughan*, for Abiel A. Vaughan and others.

*B. E. Eames*, for Samuel W. Bridgham and others.

LORING, J. The plaintiffs and the defendants in the first suit are the owners and lessees of adjoining estates on the west side of Washington Street. The plaintiffs' lot is north of that of the defendants. A passageway ten feet wide (over and in which the defendants in the first suit had rights) runs through the plaintiffs' building next to the defendants' building. A part of the plaintiffs' building lies under and above the passageway. The dividing line between the two lots is the centre of a partition wall, and the northerly face of that partition wall makes the southerly face or side of the passageway.

The defendants placed a bar, certain brackets, signs and a cornice on the northerly face of this partition wall.

They also placed inside of their building an electric fan, " with the result," in the words of the memorandum of decision, " that a stream of air more or less heated and impure and charged with offensive smells is sent into and across the passageway into the plaintiffs' premises, thereby causing annoyance and discomfort to the plaintiffs and their tenants. I rule that the defendants have no right to so maintain and operate the fan as to send such a stream of air across the passageway into the premises occupied by the plaintiffs and their tenants, and that to do so constitutes an interference with and an invasion of the

rights of the plaintiffs and their tenants in the enjoyment of their property, for which they are entitled to relief. I rule that the defendants have a right to maintain windows and doors and other openings into and upon the passageway, for light and air, and to ventilate into the same by any proper means, if they do not thereby create a nuisance so as to interfere with the enjoyment by the plaintiffs and their tenants of the premises occupied by and belonging to them."

A final decree was entered, by which it was ordered, adjudged and decreed: (First) That the fee of the passageway was in the plaintiffs, subject to a right of way appurtenant to the estate of the defendants and others, the centre line of the party wall being the division line between the two estates; it was further ordered, adjudged and decreed that the passageway was subject also " to a right on the part of the defendants to maintain doors, windows, and other opening through said party wall for light and air, and entrance and exit, provided the strength of said wall is not diminished thereby, and to ventilate into the said passageway by any proper means, if they do not thereby create a nuisance so as to interfere with the enjoyment by the plaintiffs and their tenants of the premises occupied by and belonging to them "; (second) that the defendants have no right to maintain bars, brackets, fans, signs, cornices, on any portion of their building northerly of the centre line aforesaid; and (third) that the defendants "shall not by themselves, their tenants or agents, maintain the revolving fan in said bill described in any way which shall cause a current of heated or impure air, or air charged with offensive smells, to strike upon or enter the opposite window of the plaintiffs."

From this decree an appeal was taken by the defendants, and the plaintiffs took an appeal from so much of it " as limits the injunction against discharging a current of air upon or into the plaintiffs' premises to a current of ' heated or impure air, or air charged with offensive gases.' "

The defendants have attacked the third clause only of this decree.

Their contention is: " (1) That if the operation of this fan is to be restrained as a nuisance upon this bill and without further hearing, the record should be amended so as to leave no

doubt as to the ground upon which the decision rests. (2) The decree restraining the operation of the fan cannot be sustained on grounds of nuisance. (3) It cannot be sustained on grounds of trespass."

The bill went both on the ground that the current of air was a trespass and that it was a nuisance. From an inspection of the memorandum of decision (as to which see *Cohen* v. *Nagle*, 190 Mass. 4) and the decree, it is plain that the decree is founded on the ground that the current of air sent into the plaintiffs' store was a nuisance.

The defendants' first contention is that the decree cannot stand on the ground of nuisance because that would make the bill multifarious, since it proceeded on the ground of trespass with regard to this current of air and in seeking to have the bar, brackets, signs and cornice removed. It is enough to say of this contention that if that would have made the bill multifarious that objection was waived by the defendants when they went to a hearing on the merits. *Crocker* v. *Dillon*, 133 Mass. 91. *Pickett* v. *Walsh*, 192 Mass. 572, 579.

The second contention is that to cause a current of air to " strike upon . . . the opposite window of the plaintiffs " cannot be a nuisance. To " cause a current of heated or impure air or air charged with offensive smells to strike upon . . . the opposite window of the plaintiffs " is a nuisance if the plaintiffs elect, as they have a right to elect, to keep the window open.

So far as the plaintiffs' appeal is concerned, there is nothing before us from which we can say that the judge was wrong in coming to the conclusion. that the defendants' right of ventilation included the right to project into the passageway pure air. For all we know, the evidence before him which is not before us justified that conclusion.

No argument has been made on the appeal in the second suit.

*Decrees affirmed.*