C. P. INGMUNDSON, Appellant, v. MIDLAND CONTINENTAL RAILROAD, a Corporation, Respondent.

(6 A.L.R. 714, 173 N. W. 752.)

**Real property — use and enjoyment of land — pollution of air as nuisance — action for trespass.**

1. An owner of land, as an incident to his property right, is entitled to use

NOTE.—The universally accepted rule is to the effect that the operation of a lawfully constructed railroad in an ordinarily prudent and careful manner, without negligence or abuse, does not, by reason of the attendant noise, smoke, and vibration, constitute an actionable nuisance, as will be seen by an examination of the cases collated in a note in 6 A.L.R. 723, on operation of railroad as nuisance to property.

On liability of railroad for creating nuisance by noise, smoke, dirt, etc., see note in 32 L.R.A. (N.S.) 372.

and enjoy such land free from the pollution of air thereupon so as to amount to a nuisance, and for the violation of this right an action in the nature of trespass to realty can be maintained.

**Pollution of air by gas, vapors, cinders, etc. — cause of action.**

2. In an action, where the complaint alleges among other things that the defendant railway company caused large volumes of gas, noxious vapors, large quantities of thick black smoke, oil, and steam, and large quantities of cinders, to be cast upon the land of the plaintiff to his damage, it is *held* that the plaintiff states a cause of action.

Opinion filed July 1, 1919.

Appeal from judgment directed for defendant, in an action for damages, District Court, Stutsman County, Honorable *J. A. Coffey*, J.

Reversed and new trial ordered.

*Knauf & Knauf,* for appellant.

Where property is "damaged" by the laying and usage of railroad tracks adjacent to it, the railroad company must respond in such damages as are sustained when those damages are of substantial nature and affect the direct physical condition or value of the property to its injury.    Gottschalk v. Railroad Co. 14 Neb. 550, 16 N. W. 475; Railroad Co. v. Ingalls, 15 Neb. 123, 16 N. W. 762; Railroad Co. v. Rogers, 16 Neb. 117, 19 N. W. 603; Railway Co. v. Hazels, 25 Neb. 364, 42 N. W. 93.

That such an action may be maintained when no part of the plaintiff's property has been appropriated to the use of the company, but is injured by the permanent interference with his easement in the street upon which his real estate abuts, is no longer an open question. The doctrine is sustained by the decisions of this court.    Railroad Co. v. Reinckle, 15 Neb. 279, 18 N. W. 69; Railroad Co. v. Fellers, 16 Neb. 169, 20 N. W. 127; Railroad Co. v. Ingalls, 15 Neb. 123, 16 N. W. 762; Railroad Co. v. Janecek, 30 Neb. 276, 46 N. W. 478; Railroad Co. v. Weimer, 16 Neb. 272, 20 N. W. 349; Atchison & N. R. Co. v. Boener, 51 N. W. 842.

The city of New Orleans was divided into municipalities; held that one municipality could not open a street the center line of which was the dividing line between it and other municipality, under a statute formerly applicable to the whole city.    Municipal No. 1 v. Young,

6 La. Ann. 362. And see People v. Lake County, 33 Cal. 487; Sparling v. Dwenger, 60 Ind. 72. State v. County Comrs. 23 Fla. 632; Harkness v. Waldo County, 26 Me. 583; Deering v. Comrs. 87 Me. 151, 32 Atl. Rep. 797; Cragie v. Mellen, 6 Mass. 7; Monterey v. County Comrs. 7 Cush. 394; People v. Highway Comrs. 15 Mich. 347; Wells v. McLaughlin, 17 Ohio, 97; Palo Alto Road View, 13 Pa. Co. Ct. 537; Kelly v. Danby, 46 Vt. 504.

In the following cases it was held that county commissioners could, under a proper petition, lay out a way wholly within a town or village. Harkness v. Waldo County Comrs. 26 Me. 353; Herman v. County Comrs. 39 Me. 583; Wells v. McLaughlin, 17 Ohio, 97; Kelly v. Danby, 46 Vt. 504. Under a petition for a way in two towns, a way cannot be laid out wholly in one of the towns. Hopkinton v. Winship, 35 N. H. 209; Newport's Petition, 39 N. H. 67; Monterey v. County Comrs. 7 Cush. 394; Griffin's Petition, 27 N. H. 343. And see Ridдеford v. County Comrs. 78 Me. 105; Saunders v. Bluefield W. W. & Imp. Co. 58 Fed. 133; Crosby v. Hanover, 36 N. H. 404. This last case was an attempt to condemn a bridge across the Connecticut river, one end of which was Vermont. Farnum v. Blackstone Canal Co. 1 Sumn. 46; Holyoke Water Power Co. v. Connecticut River Co. 22 Blatchf. 131; United States v. Ames, 1 W. & M. 76; Salisbury Mills v. Forsaith, 57 N. H. 124, to the same effect Wooster v. Great Falls Mfg. Co. 39 Me. 246; Manville Co. v. Worcester, 138 Mass. 89; 30 Fed. 392.

*Geo. W. Thorp* and *Russell D. Chase,* for respondent.

"A nuisance consists in unlawfully doing an act or omitting to perform a duty." Code, § 7228.

"Neither does the mere allegation that plaintiff has suffered damage suffice, as such damage may have resulted from a use by defendants of their property and property rights, which use was perfectly reasonable." Hyde v. R. Co. (S. D.) 136 N. W. 92.

A nuisance susceptible of recurrence can be abated, and abatable nuisance cannot be a permanent nuisance. Rigney v. Chicago, 102 Ill. 64; Ballintime & Sons v. Co. (N. J.) L.R.A.1915A, 369; Ridley v. Co. (N. C.) 32 L.R.A. 708; Bischof v. Bank (Neb.) 5 L.R.A. (N.S.) 486; Cleveland R. Co. v. King (Ind.) 55 N. E. 875; Pond v. R. Co. (N. Y.) 19 N. E. 487; Byrne v. R. Co. (Minn.) 36 N. W.

339; 20 R. C. L. pp. 465–467; L.R.A.1916E, p. 1013, note 2 entitled, Presumption from Illegality.

In the following cases, it is held that smoke, trembling of the earth, noises, etc., due to the ordinary operation of a railway, are not injuries resulting in actionable damages, and that the facts as set forth in this complaint do not state a cause for action. Smith v. Co. (Wash.) 70 L.R.A. 1018; DeKay v. Co. (Wash.) 129 Pac. 574; Clute v. Co. (Wash.) 114 Pac. 513; Taylor v. Co. (Wash.) 148 Pac. 887 (a very strong case, commenting upon numerous other decisions. See correction of language used in Smith v. Co., at page 888 of the Reporter); Carroll v. Co. (Minn.) 41 N. W. 661; Stuhl v. Co. (Minn.) 161 N. W. 501; Mathias v. Co. (Minn.) 51 L.R.A.(N.S.) 1017; Bennett v. Co. (N. Y.) 74 N. E. 418; Herst v. Co. (N. Y.) 109 N. E. 490; Penn R. Co. v. Marchant (Pa.) 4 Am. St. Rep. 659; Penn Coal Co. v. Sanderson (Pa.) 57 Am. Rep. 445; Penn R. Co. v. Lippincott (Pa.) 2 Am. St. Rep. 618; Bell v. Co. (Pa.) 64 App. Div. 687; Austin v. Co. (Ga.) 47 L.R.A. 755; Randall v. R. Co. 65 Mo. 325; Proprietors v. Co. 10 Cush. 385; Prasbury v. Co. 103 Mass. 1; Vandaveer v. City (Mo.) 38 Am. St. Rep. 396; Smith v. Co. (Cal.) 79 Pac. 868; Eachus v. Co. (Cal.) 37 Pac. 750; Fairchild v. Co. (Cal.) 169 Pac. 388; Gilbert v. Co. (Colo.) 32 Pac. 814; Harrison v. Co. (Colo.) 131 Pac. 409; Beseman v. Co. 50 N. J. L. 235, 13 Atl. 164; Thomason v. R. (N. C.) 55 S. E. 205; Atchison Co. v. Armstrong (Kan.) 1 L.R.A.(N.S.) 113; Louisville Co. v. Lellyett (Tenn.) 1 L.R.A.(N.S.) 49 and note; Dolan v. Co. (Wis.) 95 N. W. 385. Note Judge Winslow's comments on Baptist Church Case; Fink v. Co. (Ind.) 105 N. E. 116; Grand Rapids etc. Co. v. Heisel, 38 Mich. 62; Louisville R. Co. v. Foster (Ky.) 50 L.R.A. 813; Morgan v. Co. (Iowa) 21 N. W. 96; Richards v. Co. 233 U. S. 546; Baltimore Co. v. Fifth Baptist Church, 108 U. S. 317; Roman Catholic Church v. Co. 207 Fed. 897; Dunsmore v. Co. (Iowa) 33 N. W. 456; Parrot v. Co. 10 Ohio St. 624; Harrison v. Co. (La.) 44 Am. Rep. 438.

Before smoke, noise, etc., may be taken into consideration, there must first appear an invasion of a right affecting the property which constitutes the substantive basis for damages, affecting the market value, and the damages must be original and peculiar to the plaintiff, and such as do not constitute an abatable or recurring nuisance. Choc-

taw Co. v. Drew (Okla.) 44 L.R.A.(N.S.) 38; Louisville Co. v. Lellyett (Tenn.) 1 L.R.A.(N.S.) 49 and note; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 329; Rainey v. Co. (Tex.) 13 Ann. Cas. 580 and note; Dolan v. Co. (Wis.) 95 N. W. 385; Stuhl v. Co. (Minn.) 161 N. W. 501.

BRONSON, J. This is an action for damages occasioned the defendant by reason of causing smoke, noxious vapors, cinders, etc., to be cast upon the property and home of the defendant through the operation of its railroad.

At the time of the trial the defendant objected to the introduction of any evidence, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The objection was sustained. Thereupon the defendant moved for a directed verdict in favor of the defendant, and this motion was granted. Pursuant thereto, verdict was rendered and judgment entered thereafter in favor of the defendant for dismissal, with prejudice and costs. The plaintiff has appealed from the judgment rendered, and specifies as error the action of the trial court in sustaining the objection and granting the motion of the defendant. The sole question involved upon this appeal is whether the complaint states a cause of action.

The complaint alleges that the defendant as a common carrier operates its railroad through the city of Jamestown, on, over, upon, and adjacent to block 29 therein. The plaintiff is the owner of lot 8 in such block, upon which there is a house wherein he dwells with his family. Among other things the complaint alleges as follows with respect to the engines of the defendant: · "That the said engines moving and passing on and over the premises herein described cause to, and permit to escape large volumes and quantities of gas and other noxious vapors and large quantities of thick, dense, black smoke, oil, and steam, large quantities of cinders, and to throw and scatter the same upon, in, and against said home and premises and lots, make great noises thereat, upon and about said premises and create great vibrations, movements and shaking of the ground in said lot, and of the house thereon, and of plaintiff's dishes, tables, beds, and furniture therein, and of the said premises and the whole thereof," etc.

This states a cause of action as against a general objection to the

complaint. The owner of land possesses the right to use and enjoy the same, free from the pollution of air thereupon so as to amount to a nuisance. This is a property right incident to his ownership of the land. For violation of this right an action in the nature of trespass to realty may be maintained. Vaughan v. Bridgham, 193 Mass. 392, 9 L.R.A.(N.S.) 695, 79 N. E. 739; Ponder v. Quitman Ginnery, 122 Ga. 29, 49 S. E. 746; Lamm v. Chicago, St. P. M. & O. R. Co. 45 Minn. 71, 10 L.R.A. 268, 47 N. W. 455. See 29 Cyc. 1152, 1154, 1155, 1184, 1187. It therefore follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant. It is so ordered.

ROBINSON, J. (dissenting). This is an appeal from a judgment in favor of defendant on a directed verdict. When the case was called for trial defendant objected to any evidence under the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The complaint not only fails to state a cause of action, but also it shows that plaintiff has no cause of action. It avers that defendant is a railroad corporation, and as such it operates the railway running south from the Northern Pacific Railway depot in Jamestown; that upon its right of way of the width of 100 feet adjacent to block 29, in Jamestown, defendant keeps and maintains certain raised and graded railroad tracks; that plaintiff owns and resides on lot 8, in block 29; that before the construction of defendant's railway the lot was worth $5,600; that near to said lot and home the defendant has put up unsightly buildings and sheds which it keeps and maintains, and on said railway adjacent to said lot 8 defendant operates steam engines, freight and passenger cars, and that the engines permit the escape of large volumes of gas and noxious vapors and cinders, and scatter the same on said lot and home premises, and cause great vibrations of the ground; and that it has depreciated the value of said home in the sum of $2,600.

In reading such a complaint the court must take judicial notice of such facts as are commonly known to intelligent persons within the jurisdiction of the court. We must take judicial notice of the fact that defendant does operate a little railroad running south from James-

town, with small engines and light trains, and not with any such mogul engines and trains as pass over the main line of the Northern Pacific Railway. We take judicial notice of the fact that the passing trains of the Northern Pacific and of other railroads do cause a slight tremor of the earth and do emit some vapor and cinders, which often tend to lessen the value of adjacent property and cause a loss which is known as *damnum absque injuria,* but in the operation of its railroad the defendant is strictly within its legal rights.

In so far as the complaint asserts mere exaggerations which are known to be untrue it should be disregarded.

BIRDZELL, J., being disqualified, did not participate, Honorable W. L. NUESSLE, of the Sixth Judicial District, sitting in his stead.