## KRUGER *v.* WALKER.

1. An equitable petition wherein the plaintiff declares upon a dormant judgment and whereby he seeks to subject to the satisfaction of his claim property alleged to be that of his debtor, whose title thereto, by reason of a conspiracy between him and another, has been covered up and concealed by fraudulent conveyances, is not demurrable for want of equity or on the ground that the plaintiff has an adequate remedy at law.
2. The person with whom the debtor defendant made the alleged fraudulent conspiracy is a proper party defendant to such an action.
3. Such a petition is not multifarious, and is maintainable notwithstanding the plaintiff has no existing lien upon the property of the main defendant.
4. The objection raised by demurrer that the plaintiff's petition failed to show that the dormant judgment declared upon was binding upon the individual assets of the partners composing the firm against which such judgment was alleged to have been rendered, was fully met by an appropriate amendment.
5. There being in the petition a prayer for substantial relief against the debtor, the action was properly brought in the county of his residence;

111 383
113 1147
111 383
e118 667
111 383
122 337
111 383
e124 647
111 383
126 521

and his alleged conspirator being a proper party defendant, the superior court of that county had jurisdiction of the case, irrespective of the latter's residence.

Argued June 14, — Decided July 13, 1900.

Equitable petition. Before Judge Lumpkin. Fulton superior court. September term, 1899.

*J. C. Jenkins* and *Mayson & Hill*, for plaintiff in error.
*Westmoreland Brothers*, contra.

LUMPKIN, P. J.   An equitable petition was filed in the superior court of Fulton county, by B. F. Walker, the portions of which now material are, in substance, as follows: On the 28th day of June, 1890, the plaintiff obtained a judgment against the partnership of Chambers & Co., then composed of R. Chambers, who has since become a non-resident of this State, and George B. Nazerenus, who then resided and still resides in Fulton county. Both partners were served. In 1892 and 1893, Nazerenus with his own funds purchased a number of described lots in said county from S. A. Inman and others. He fraudulently had titles made to himself as trustee for Mrs. Laura V. Kruger, his daughter, who now resides in Coweta county, his purpose in so doing being to hinder, defraud, and defeat the plaintiff in the collection of his judgment. Each of the trust deeds embraced a power authorizing Nazerenus to sell and convey the property therein described without an order of court. The title to these lots is really vested, so far as the plaintiff is concerned, in Nazerenus in his individual capacity, as the deeds were made for his benefit, and were taken, as stated, merely as a subterfuge "to hide property from his creditors." Mrs. Kruger was a party to this fraudulent scheme to defraud the plaintiff, and is collecting the rents on the property and holding the title deeds thereto without ever having paid any part of the consideration therefor, being purely a volunteer.  The alleged fraud was not discovered by the plaintiff till August, 1897.   He then caused an execution issued upon his judgment to be levied, when a claim was filed by Mrs. Kruger.  On the trial thereof he offered in evidence "the said fi. fa. with the endorsements thereon"; but objection being made thereto "on the ground that said judgment and execution were dormant,

the entries of the sheriff of nulla bona never having been entered by the clerk of the court in the general execution docket of said county," and the court sustaining the objection, plaintiff had no recourse but to dismiss the levy, it appearing from an examination of "the said execution docket," which was produced in court, that the same "did not disclose that said nulla bona returns had been so entered." There is no property, other than the realty described in the trust deeds, out of which the plaintiff can make his money. The petition, among other things, prayed (1) for service on Chambers, Nazerenus, and Mrs. Kruger; (2) for a judgment against Chambers & Co.; (3) that the title to the lots above mentioned be declared to be in Nazerenus, and that the same be subjected to the plaintiff's judgment; (4) that Nazerenus and Mrs. Kruger be enjoined from conveying the property; (5) that a receiver be appointed, and (6) for general relief. Mrs. Kruger filed a demurrer which presented for adjudication the questions discussed below. The court sustained the demurrer and dismissed the case as to her; but subsequently, during the same term, rescinded this action and passed an order overruling Mrs. Kruger's demurrer, to which order she excepted.

1. The first two grounds of the demurrer were, that there was "no equity in the complaint," and that the plaintiff had a complete and adequate remedy at law. That these points are without merit is settled by the decision in the case of *DeLacy* v. *Hurst*, 83 *Ga.* 223. It was in that case held: "The former rule that courts of equity would not entertain a bill as long as the plaintiff had a common-law remedy, and that he must allege and prove that he had sued his claim to judgment and had an execution issued thereon, on which a return of nulla bona had been made by the sheriff, before equity would take jurisdiction and aid him by setting aside fraudulent conveyances, etc., has been abolished since the passage of the uniform procedure act of 1887, which confers upon the superior courts jurisdiction to hear and determine all causes of action, legal or equitable, or both."

2. The next point presented by the demurrer is that there is a misjoinder of parties defendant. It was argued here that Mrs. Kruger was not a proper party to the case. A complete

answer to this contention is to be found in the case of *Conley* v. *Buck*, 100 *Ga.* 187, wherein numerous authorities were cited to show that where one or more persons enter into a general conspiracy with a judgment debtor, and endeavor, by means of fraudulent conveyances, to hide out his property in order that the same may not be reached by his creditors, each and all of such conspirators may properly be joined as parties defendant to an equitable petition filed with a view to setting aside such fraudulent conveyances and establishing the right of the plaintiff to subject to the payment of his demand the property thus sought to be placed beyond his reach.    The petition now before us, as will have been seen, distinctly alleges that Mrs. Kruger was a party to a fraudulent scheme entered into between herself and Nazerenus with a view to defrauding the plaintiff and defeating the collection of his judgment.

3.  Other grounds of objection to the plaintiff's petition raised by the demurrer are, " that there is a misjoinder of two or more separate and distinct causes of action in this complaint," and that " the plaintiff has not reduced his claim to judgment and has no lien upon which to base his prayers for relief."    The contention that the petition is multifarious is predicated upon the idea that it seeks a judgment based on the dormant judgment against Chambers & Co., and at the same time prays that the property described in the petition be made subject to the satisfaction of such judgment when obtained.    In other words, the complaint made is that the petitioner not only prays for a judgment founded upon his legal cause of action, but also that Mrs. Kruger be affected thereby to the extent of rendering subject thereto property the legal title to which is in her trustee and not in Nazerenus in his individual right.    We hold, upon the authority of *DeLacy* v. *Hurst*, cited above, that neither this contention nor the one setting up that the plaintiff has not reduced his claim to judgment is well taken.

4.  Still another point presented by the demurrer is, that the petition fails to show that the judgment sued on is against Nazerenus individually or that it was a judgment binding his individual assets.    This objection was met by an amendment to the petition, setting forth the record of the plaintiff's original action against Chambers & Co., from which it affirmatively ap-

pears that both of the partners were served, and that a judgment binding upon the individual property of each was accordingly entered up, agreeably to the provisions of section 2638 of the Civil Code.

5. The ground of the demurrer mainly insisted upon here was that the superior court of Fulton county had no jurisdiction over Mrs. Kruger, for the reason that she was a resident of Coweta county. In this connection it was urged that there was "no prayer for substantial equitable relief against any other defendant." We have already undertaken to show that it was proper to join Nazerenus and Mrs. Kruger as codefendants to the plaintiff's action. If, therefore, the petition prayed for substantial relief of any kind against Nazerenus, this was sufficient to give the court jurisdiction over Mrs. Kruger. The constitution of this State declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code, § 5871. In section 4950 it is provided that "All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the petition may be filed in the county where the proceedings are pending." · Unquestionably, substantial relief was prayed against Nazerenus. Nothing could be more substantial than to convert a dormant judgment without a lien into a living judgment binding upon specific property. The prayers in the present case, so far as they relate to the question of jurisdiction, are not materially different from those in the *DeLacy* and *Hurst* case, and the ruling therein is direct authority for the one now made. In addition to what is said above, we need only to further remark that while counsel for the plaintiff in error argued here that the petition was defective in that the persons who conveyed to Nazerenus by trust deeds were not joined as parties defendant, there is no ground of the demurrer even vaguely presenting for determination any question as to this matter.

*Judgment affirmed. All the Justices concurring.*