## SOUTHERN COTTON OIL COMPANY et al. v. OVERBY et al.

FISH, C. J. The evidence submitted on the trial was amply sufficient to authorize a finding that the operation of the cotton ginnery to be erected by the defendants below would prove a nuisance to the plaintiffs. Even if any of the evidence introduced by the plaintiffs was open to the objection of irrelevancy, it was not of such character that its admission required the grant of a new trial. The charge was full and fair, and the exceptions thereto were without merit. There was no abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*<br>JANUARY 14, 1913.

Equitable petition. Before Judge Whipple. Crisp superior court. December 22, 1911.

*King & Spalding* and *Underwood, J. T. Hill,* and *J. W. Dennard,* for plaintiffs in error. *Max E. Land,* contra.

---

## PARRISH v. CROSBY.

FISH, C. J. 1. The defendant in a proceeding to foreclose a mortgage on realty filed two defenses: (1) that at the time of executing the mortgage and the notes secured thereby she was a married woman, and that while she alone signed the mortgage and notes, she was in reality a surety; and (2) that she executed the notes and mortgage under duress. There was no evidence to authorize a finding in favor of the defendant upon either of her pleas.

2. There was no error in rejecting evidence.

3. Accordingly, the court did not err in directing a verdict for the plaintiff, the evidence making out a case in his behalf.

*Judgment affirmed. All the Justices concur.*<br>JANUARY 14, 1913.

Mortgage foreclosure. Before Judge Thomas. Berrien superior court. September 18, 1911.

*J. Z. & H. L. Jackson, J. P. Knight,* and *W. D. Buie,* for plaintiff in error. *C. E. Parrish* and *Denmark & Griffin,* contra.