KNOX *v.* REESE *et al.*

Several citizens owning homes in the main residential section of a town joined in a petition to have the defendant enjoined from the erection and operation of a public ginnery and feed-crushing outfit or mill in close proximity to the residences and homes of the respective petitioners, alleging, for various reasons set forth, that the operation of the plant by the means and in the manner stated would be a nuisance, and would result in damages in stated amounts to their respective dwellings, the market value of each being alleged. At a preliminary hearing an interlocutory injunction was refused. At the trial term the petitioners were allowed to amend their original petition by alleging that since the refusal of an interlocutory injunction the defendant had erected the ginnery and feed-crushing mill, and was operating the same as petitioners alleged in the original petition he intended to do; that it constituted a nuisance for the reasons set forth in the original petition; and that each of the petitioners ·had been damaged in designated amounts by the operation of the nuisance. The amendment included a prayer that each of the petitioners recover the damages which he had sustained by the erection and operation of the nuisance. The defendant demurred to the amendment, on the ground that it contained a misjoinder of parties plaintiff, and causes of action. *Held*, that the petition set forth a cause of action; the amendment was properly allowed; and the special demurrers were without merit.

No. 1228. SEPTEMBER 23, 1919.

Equitable petition. Before Judge Hammond. McDuffie superior court. October 1, 1918.

*Archibald Blackshear,* for plaintiff in error.

*P. B. Johnson* and *J. B. Burnside,* contra.

FISH, C. J. Four citizens, owning homes in the main residential section of the town of Thomson, brought an action against the defendant, alleging in substance as follows: The defendant is preparing to erect on a lot near the respective homes of the plaintiffs a public ginnery, and a feed-crushing outfit or mill, and for the purpose of operating the same to use a steam-engine or engines and boilers; that the dust, dirt, and lint necessarily escaping from

the gins will be thrown into the air and continuously blown into the residences of the plaintiffs, greatly to their hurt, vexation, and injury, and causing them a great amount of extra work in sweeping and dusting in order to keep their homes clean and habitable, and will be injurious to the health of the inmates of plaintiffs' homes; that the smoke from the engines and boilers used for running the ginnery and mill will be continuously blown into their homes, damaging their furniture and furnishings and smoking and blacking their residences; that public gins and mills are run throughout the day, and frequently late at night, and the noise made by the machinery and the blowing of whistles will render the homes of the plaintiffs almost uninhabitable; that if the ginnery and mill should be erected and operated, numbers of wagons and teams will be around the same, and the noise, confusion, and crowding of wagons and teams will greatly disturb and annoy plaintiffs while in their homes; that the respective homes of plaintiffs are of stated values, and the erection and operation of such ginnery and mill, for the reasons stated, will decrease the market value of their respective homes in designated amounts; and that the operation of the ginnery and mill, for the reasons stated, will be a nuisance, and will result in damage to the health, peace, and property of the plaintiffs. The prayer was for an injunction restraining the erection of such ginnery and mill. After the filing of demurrers, general and special, to the petition, and the answer of the defendant, the judge refused an interlocutory injunction. The plaintiffs thereafter amended the petition substantially as follows: Since the refusal of an interlocutory injunction, the defendant has erected the ginnery and mill, and is operating the same, greatly to the damage of the plaintiffs in the respects and for the reasons set forth in the original petition. The amount in which each plaintiff has been damaged by the operation of the ginnery and mill since the refusal of the interlocutory injunction is set out; and there are prayers that the further operation of the ginnery and mill be enjoined as a nuisance, and that each of the plaintiffs recover against the defendant the amount of damage which each has suffered by the operation of the ginnery and mill. When the case came on for final trial, the defendant demurred, generally and specially, to the petition as amended, one of the grounds of demurrer being that distinct and separate claims

are sought to be asserted by each of the plaintiffs against the defendant in one action; that the damages sought by each plaintiff are for different sums alleged to have been done the several plaintiffs by the defendant, the interest of each of the plaintiffs being several and not joint; and that therefore there is a misjoinder of causes of action and parties plaintiff. All of the demurrers were overruled, and the defendant excepted.

A nuisance is anything that worketh hurt, such inconvenience as would affect an ordinary reasonable man, or damage to another. Civil Code, § 4457. The maintenance and operation of a cotton-ginning plant in which machinery is used which separates dust and sand from the cotton and drives them with smoke into the air, and which produces noises by steam-whistles and otherwise, and where the plant is so near residences that the comfortable enjoyment thereof is interfered with, and the market value thereof depreciated for the reasons indicated, constitutes a nuisance which will be enjoined. *Ponder* v. *Quitman Ginnery,* 122 *Ga.* 29 (49 S. E. 746); *Southern Cotton Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664); *Southern Cotton Oil Co.* v. *Overby,* 139 *Ga.* 209 (76 S. E. 999); *Tate* v. *Mull,* 147 *Ga.* 195 (93 S. E. 212). A public nuisance may be enjoined at the suit of individuals, when it appears that they will suffer special damage not shared in by the public. Civil Code, § 4455; *City of Sylvester* v. *Tison,* 133 *Ga.* 518 (66 S. E. 246), and citations.

The allegations of the petition as well as those of the amendment thereto, which are to be taken as true as against a general demurrer, are sufficient to show that the erection and operation of the ginnery and mill constitute a nuisance which may be enjoined at the instance of the plaintiffs. Therefore the general demurrer was properly overruled.

While distinct and separate claims of different persons against another can not be joined in the same action (Civil Code, § 5515), yet, where there is one common right to be established by several persons against another, they may join in the same suit against him, and equity will determine the whole matter in such action. Civil Code, § 5419. The several plaintiffs need not have an interest in all matters embraced in the suit; it is sufficient if each of them has an interest in some matter common to all; and where there is one common right sought to be established by several against

one, equity will determine the whole matter. Civil Code, § 5419. All the plaintiffs in the present case have the common right to have the alleged nuisance complained of enjoined. The petition, as amended, embraces both equitable and legal rights. The equitable right is to have the operation of the alleged nuisance enjoined, and the legal right is to recover damages done each of the plaintiffs by the operation of the nuisance. Since the adoption of the uniform procedure act of 1887, legal and equitable rights may be enforced in the same suit. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052) ; *Cohen* v. *Wolff,* 92 *Ga.* 199 (17 S. E. 1029) ; *Vaughn* v. *Georgia Co-operative Loan Co.,* 98 *Ga.* 288 (25 S. E. 441) ; *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173), and citations. A court of equity, having jurisdiction to enforce the common right of all of the plaintiffs to enjoin the alleged nuisance, will seek to do complete justice by granting them all appropriate relief, whether legal or equitable. The demurrer on the ground of misjoinder of parties plaintiff and causes of action was not meritorious.

The special demurrers on the ground that the petition was not sufficiently definite in setting forth wherein the erection and operation of the ginnery and mill would constitute a nuisance were not good.          · *Judgment affirmed. All the Justices concur.*

GEORGE, J., dissenting in part. All persons whose property is affected by a nuisance, though they own the property in severalty and not jointly, may join in an action to abate the nuisance. The nuisance is a common injury to all of them, though the damages to each resulting from it are separate and distinct. The relief granted must be such as is common to all the plaintiffs. Therefore, in such action, the plaintiffs can not have judgments for the damages done to the property of each. The precise question has been ruled in Grant *v.* Schmidt, 22 Minn. 1, Murray *v.* Hay, 1 Barb. Ch. 59, 65, and City of Paducah *v.* Allen, 20 Ky. Law R. 1342 (49 S. W. 343). The insertion of the prayer for the damages which the plaintiffs have respectively sustained by the alleged nuisance renders the petition multifarious. Neither the general principles of equity nor the uniform procedure act of this State authorize a court of equity to grant such relief. The prayer for the damages which the plaintiffs respectively have sustained by reason of the alleged nuisance should have been stricken.