## HINES et al. v. WILSON et al.

RUSSELL, C. J.  1.  The allegations of the petition were sufficient to withstand the general demurrer based upon the grounds that the petition fails to set out a cause of action, that the allegations are not sufficient to authorize the grant of any of the relief prayed for, and that the petition shows on its face that the plaintiffs have no right of action against the defendants on account of the facts alleged. A general demurrer will not prevail where part of the petition is good. *Lowe* v. *Burke*, 79 *Ga.* 164 (3 S. E. 449); *Pryor* v. *Brady*, 115 *Ga.* 848 (42 S. E. 223). A bad part in pleading does not make the whole bad, but a good part makes the whole good enough to withstand a general demurrer. *Munnerlyn* v. *Augusta Bank*, 88 *Ga.* 333, 339 (14 S. E. 554, 30 Am. St. R. 159).

2. The power conferred upon the superintendent of banks by section 7 of article 7 of the banking act of 1919 (Acts 1919, pp. 135, 156), as amended by the act of 1922 (Acts 1922, pp. 63, 65), is in terms confined to such matters as relate to the assets of the bank as such—debts and liabilities due to the bank in its corporate capacity, and does not include authority to sue for torts committed upon depositors by individuals who happen to be officers of the bank.

(a) Where parties conspire to defraud the plaintiff or make a wilful misrepresentation of material fact to induce the plaintiff to act to his injury, an action for deceit will lie. *Cheney* v. *Powell*, 88 *Ga.* 629 (15 S. E. 750). The directors of a corporation may be liable for false statements in regard to the affairs of the corporation, as for fraud and

---

Actions, 1 C. J. p. 952, n. 45, 47; p. 1091, n. 16, 17; p. 1099, n. 37; p. 1100, n. 39.

Banks and Banking, 7 C. J. p. 571, n. 37 New.

Corporations, 14a C. J. p. 181, n. 67; p. 182, n. 68, 69, 70, 71; p. 193, n. 56.

Equity, 21 C. J. p. 78, n. 54, 55.

Fraud, 26 C. J. p. 1121, n. 21; p. 1122, n. 22, 23, 28; p. 1123, n. 29; 27 C. J. p. 9, n. 66; p. 10, n. 67; p. 13, n. 99.

Fraudulent Conveyances, 27 C. J. p. 476, n. 56; p. 701, n. 95; p. 747, n. 71, 72, 73; p. 748, n. 81 New; p. 751, n. 29; p. 756, n. 78, 79.

Pleading, 31 Cyc. p. 329, n. 61; p. 332, n. 68.

deceit. "When the law requires one to do an act for the benefit of another, or to forbear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the party may recover." Civil Code (1910), § 4405.

(b) Where representations are made to the public at large, or to a particular class of persons, with the intention of influencing any member of the public or of the class to whom they may be communicated, any one injured through the proper reliance thereon may secure redress. In such a case it is not necessary that there should be an intent to defraud any particular person, but the representation must of course have been intended for the public or for a particular class of persons to which the complainant belongs. 26 C. J. 1121, § 48, citing *Young* v. *Hall,* 4 *Ga.* 95.

(c) The directors or officers of a corporation are liable for their fraudulent acts and representations to persons who are injured thereby. They are no more immune from false representations with intent to deceive, which result in a loss to one who relied thereon, than any other individual. The fact that they are acting for the benefit of the corporation and that they did not personally receive the fruits of the transaction, or that the company is nominally the contracting party, does not relieve them from liability.

3. An equitable petition to set aside conveyances on the ground that they were made in fraud of the rights of creditors can be joined with a suit for fraud and deceit. The liability of directors for fraud and deceit resulting in damages to the creditors of the corporation is a joint and several liability. *National Exchange Bank* v. *Sibley,* 71 *Ga.* 726; *Schley* v. *Dixon,* 24 *Ga.* 273 (71 Am. D. 121); *Burns* v. *Beck,* 83 *Ga.* 471 (10 S. E. 121); Solomon *v.* Bates, 118 N. C. 311 (24 S. E. 478, 54 Am. St. R. 725); 14 C. J. 193, § 56.

4. Where a defendant is alleged to have transferred his property separately to two grantees, both conveyances being in fraud of the rights of creditors, they can be joined in a suit against the grantor for fraud and deceit and fraudulent conveyances of property. "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." Civil Code of 1910, § 5419; *Knox* v. *Reese,* 149 *Ga.* 379 (100 S. E. 371). "The rights of creditors should be favored by the courts, and every remedy and facility afforded them to detect, defeat, and annul any effort to defraud them of their just rights." Civil Code (1910), § 3216. One suit may be brought to recover on the debt and to set aside fraudulent conveyances, joining debtor and grantees. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052); *Vaughn* v. *Georgia Co-operative Loan Co.,* 98 *Ga.* 288 (25 S. E. 441); *Kruger* v. *Walker,* 111 *Ga.* 383 (36 S. E. 794); *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173); *Fourth National Bank* v. *Mooty,* 143 *Ga.* 137 (84 S. E. 546). In this State a debtor as well as the fraudulent grantee should be joined as defendants. *Gibbs* v. *Harrelson,* 147 *Ga.* 404 (94 S. E. 235). Where several deeds are made to several grantees in pursuance of a common plan to defraud creditors, it is proper to join the several grantees. See 27 C. J. 476, 756, §§ 56, 79.

5. Different defendants may be joined in the same action, if there is a

common connecting interest in the subject-matter which the plaintiffs are attempting to subject to the lien of a judgment or decree, where either plaintiffs or defendants have one common interest in the point at issue; as, for instance, where several plaintiffs have the same interest in subjecting the property of one or more defendants who are alleged. to have formed a conspiracy and are acting in concert, so that there is only one common point in the litigation, there is no misjoinder of causes of action. *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97); *Spinks* v. *La-Grange Bank & Trust Co.*, 160 *Ga.* 705, 714 (129 S. E. 31).

6. The trial judge did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*

No. 5768: OCTOBER 1, 1927.

Equitable petition. Before Judge Maddox. Gordon superior court. November 17, 1926.

Mrs. M. W. Wilson and eleven others filed a petition in behalf of themselves and others similarly situated against Hines, Hicks, Blackmon, and others as directors of the Peoples Bank of Calhoun, alleging as follows: Some of the defendants executed conveyances to other persons such as Mrs. Lizzie Hines and Mrs. Linnie Byrd Hicks, by which such officers of the bank rendered themselves insolvent; and these conveyances were made for the purpose of hindering, delaying, and defrauding the petitioners, who were depositors in the bank at the time that its assets were taken over by the State superintendent of banks, the amounts of their deposits being set forth. At the time the bank was closed and for a long time previous, the bank had pretended loans and discounts aggregating more than $225,000, of which more than $125,000 were doubtful or entirely worthless. One of the directors, B. W. Blackmon, "used the bank for his private enterprises, and incurred direct and indirect liabilities of about $40,000, all of which is doubtful or worthless; and this was known to and allowed by the other directors." This accumulation of more than $130,000 of worthless and doubtful paper had existed for a period of seven years, and the directors could and should have ascertained the worthless character of such loans and discounts and have known that the bank was insolvent and not entitled to receive or hold deposits of customers; and yet for the last seven years the bank, with the knowledge and consent of the defendants, has regularly about every three months had published in a newspaper what purported to be sworn statements as to its financial condition, showing it to be prosperous and solvent. "Such statements are re-

quired by the laws of the State of Georgia, and are public information upon which people . . desiring to deposit money in a bank rely as a statement of the solvency and soundness of said bank." The defendants, as officers and directors of the bank, knew that the public generally and the petitioners would rely on these sworn statements and advertisements, and would be injured and damaged to the extent of such deposits as they might make on the strength of such statements. The directors knew, for a period of from five to seven years, that the bank was insolvent; and yet they fraudulently held it out as a sound, solvent, and going banking institution, thereby inducing petitioners to deposit their money therein, to their injury and damage in the amount of their respective deposits, which damage was caused by the false, deceitful, and fraudulent misrepresentations of the defendants and their mismanagement and negligence. There was a "general concert of action and agreement among the defendants to deceive the public and your petitioners, and to induce the public and your petitioners to deposit money in said bank as they have done." W. L. Hines was for many years president, F. L. Hicks vice-president, and B. W. Blackmon cashier of said bank, and these three officers had charge, under the board of directors, of the affairs of said bank; and it is as to conveyances executed by each of these three defendants respectively, which stripped them of all their property, that the prayer for injunction is addressed. The several properties referred to are fully described. Petitioners are without adequate remedy at law, as their only remedy at law would consist of separate and distinct suits for damages, involving a large number of suits against the directors, with the result that court costs and expenses would almost consume the estate of the defendants in case recoveries were had. All of the defendants are insolvent if the above transfers are permitted to stand; and unless equity interferes, the property referred to can be further conveyed or hidden out and concealed so as to prevent any redress. By coming into a court of equity and consolidating the actions at law together with the necessary actions in equity, a great multiplicity of suits can be avoided, and in one action adequate relief can be granted to all parties.

The defendants filed general and special demurrers, which were overruled, and defendants excepted. The first three grounds of

demurrer are general, and may be grouped as one ground of objection challenging altogether the plaintiffs' right to sue. The fourth ground challenges the plaintiffs' right to maintain this action, because the petition shows on its face that the bank is in the hands of the superintendent of banks, and if any right of action exists it is in the superintendent of banks, and not in the plaintiffs as creditors. The other grounds, based upon multifariousness and misjoinder, raise three questions: (1) Whether a bill to set aside conveyances, on the ground that they are made in fraud of the rights of creditors, can be joined with a suit for damages for fraud and deceit. (2) Where a defendant is alleged to have transferred his property separately to two separate grantees, both conveyances being in fraud of the rights of creditors, can they be joined in a suit against the grantor for fraud and deceit and fraudulent conveyances of the property? (3) Where two or more persons are sued for damages for fraud and deceit, who have made separate conveyances of separate properties to separate grantees, in fraud of the rights of creditors, can all parties be joined in one suit?

*J. M. Lang* and *Morris, Hawkins & Wallace,* for plaintiffs in error.

*Willingham, Wright & Covington* and *Y. A. Henderson,* contra.