JACKSON *et al. v.* STALLINGS *et al.*

Nos. 6700, 6701.   SEPTEMBER 30, 1929.

*Smith & Millican* and *Hall & Jones,* for plaintiffs in error.
*Boykin & Boykin* and *Smith & Taylor,* contra.

RUSSELL, C. J.   The controlling question in this case is whether the petition set forth a cause of action in tort for wilful fraud and deceit, personal to the plaintiffs named therein.   If so, the amendments allowed were germane, and the plaintiffs were proper parties to bring the suit, and the general demurrers were properly overruled.   On the other hand; if the petition, properly construed, is· an action by the plaintiffs as a class for themselves and other creditors of the same class who may see proper to join the action, for the recovery of deposits due by the bank and lost by the negligence, mismanagement, and violation of the banking laws by the officers and directors of such bank, and judgment is prayed against these officers and directors because of their negligence and mismanagement, then the plaintiffs are not the proper parties to bring the suit, in the absence of an allegation that the superintendent of banks in charge of the insolvent bank has refused to bring suit. Learned counsel for the plaintiffs in error insist that the petition falls in the latter category, and that the general demurrer should have been sustained.   The exception is based upon the ruling of the trial court upon demurrer, and the pleadings therefore present the issues.

We shall first inquire into the nature of the original petition. After alleging that four of the defendants are within the jurisdiction of the court, it is alleged in the second paragraph of the petition that another person, to wit, A. J. Jackson, is also a director and vice-president of the Peoples Bank of Franklin ; and that the named directors were all of the directors and officers of the bank, and "were ·in authority and control of said bank, having entire management of said bank."   "3.   Petitioners show that the Peoples Bank of Franklin, operated by the above-named officers and direct-

ors, on account of insolvency, which insolvency was caused by the acts of said officers, closed its door on December 31, 1925; and that your petitioners were creditors or depositors in said bank; and that your petitioners bring this bill against the said officers and directors of said bank, . . for themselves and such creditors as may be similarly situated;" and that the common deposits, as shown by the books of said bank on the date of its closing, consisted of $16,761.53, and time certificates of $5223.60, making a total of $20,985.30, on which a dividend of $8402.05 has been paid, leaving a balance of $12,583.08. besides interest due the depositors by the officers and directors of said bank. Then follow several subparagraphs in which the amount which each of the plaintiffs had on deposit and on which each had received a dividend of 40 per cent., and each asked for himself a judgment for the remaining 60 per cent. with interest from the date of the closing of the bank. The fourth paragraph again states that the defendants named were the only directors of the bank, the "officers and agents of said bank having in charge the conduct of its affairs." In the fifth paragraph it is alleged that it was by the acts of the directors, "the defendants named," that the Peoples Bank of Franklin closed its doors and has since failed and refused to pay depositors, and that "petitioners, being common depositors and creditors of said bank, bring this bill on behalf of themselves and such other depositors as may hereafter join in this bill, for the express purpose of recovering for each depositor and creditor of said bank from said defendants the amount due said depositors and creditors on account of the mismanagement, gross negligence, and violation of the banking laws of Georgia by them, . . which directors and officers, the defendants, of said bank were guilty of in conducting the affiairs of said Peoples Bank of Franklin; each defendant is individually and jointly and severally liable to plaintiffs in this case and other depositors who may care to join for the amount of money due each of said plaintiffs by the said Peoples Bank by virtue of their being a depositor in said bank, said loss, injury, and damage incurred by each plaintiff on account of mismanagement, gross negligence, misrepresentation, and violation of the banking laws by each of said defendants, jointly and severally, and a breach of duty owing by each of the defendants to said plaintiffs." (5) "Said defendants each jointly and severally were

guilty of negligence and mismanagement of said bank, in that they operated said bank knowing said bank was insolvent, and by carrying several thousand dollars of notes in said bank as paper which was worth their face value. In fact said defendants knew said notes were worthless and same would not be paid and could not be paid; yet continued from year to year to carry the paper in the statement of said bank as assets of said bank, when in truth and in fact said notes should have been charged off the records of said bank as worthless."

(6) "The carrying of such worthless paper was gross negligence on the part of the several officers and directors, and the publication of the statement signed by·said directors, which included said notes, was fraudulent and a misrepresentation to the public and would induce and did induce said plaintiffs to continue banking business with the said Peoples Bank of Franklin." (7) "Said defendants were guilty of violating the banking laws of the State of Georgia with regard to said bank, in that they were guilty of making illegal and excessive loans of large sums to various and sundry persons." This statement is followed by the recital of five instances in which illegal or excessive loans had been made, and by a statement that certain transfers had been made by the directors in contemplation of the insolvency of the bank, and for the express purpose of preferring C. E. Eady, a director, and enabling him to take the debt of a named person and thereby save for Eady $500 that he had on deposit in the bank; also in the same way by preference of the directors C. E. Eady was enabled, by paying the debt of one Burdette by his check on the bank, to save approximately $1000, and by so doing injured and damaged the depositors, and this was "gross mismanagement and flagrant violation of the banking laws of the State of Georgia." The eighth paragraph charges that the illegal loans were made by the officers without any regard to the laws as to making loans under the Georgia law, and that the directors were negligent in making said loans, and injured each of said plaintiffs in the amount of their deposits. The ninth paragraph charges that the officers were guilty of making or permitting to be made illegal entries on the books of the bank; and that various entries were made "in conducting the affairs of said bank in a negligent manner, to the injury of the depositors and creditors of said bank." In paragraph ten it is alleged "that each of said

directors" jointly and severally are liable for the "mismanagement and negligent manner" in which the bank was conducted, and for flagrant violations of the banking laws.  In the eleventh paragraph the petitioners admit that the 40 per cent. which had been paid them was obtained through the assessment, and allege that "they have no other means by which they can recover save by bringing this equitable bill against said directors jointly and severally for their misconduct, illegal actions, and grossly negligent manner in which they operated the affairs of said Peoples Bank."  The twelfth paragraph alleges than on account of all the aforesaid acts each of said defendants is liable to petitioners and "such other petitioners as may desire to become a party to said proceeding."  Another charge is contained in paragraph 13, which is alleged as a ground of individual liability on the part of the defendants, to wit, "that the said directors used and operated on the money of said depositors of said bank."  In paragraph 14 it is alleged that the directors conveyed or attempted to convey their property and place the same beyond the reach of any judgment that might be obtained by the petitioners in this case, for the purpose of avoiding the liability to plaintiffs in this case; and that for such reason the defendants should be enjoined and restrained from making any transfer of their property.

It is our opinion that the action set forth in this case could not be brought by the plaintiffs for the reasons upon which the petition is predicated and based.  A perusal of the petition as a whole shows that the plaintiffs are endeavoring to perform the duty of the superintendent of banks, without even an allegation that the superintendent of banks has been requested, and refuses, to perform his duty in the premises, conceding that the allegations of the petition are all true.  In the absence of an allegation of the nature just indicated, it is a function of the superintendent of banks, exhaustive and exclusive, to bring all actions for the mismanagement of the officers of an insolvent bank placed in his hands, where from the nature of the action it is his duty to perform the functions of his office.  The case is distinguished by its facts from that of *Hines* v. *Wilson*, 164 *Ga.* 888 (139 S. E. 802).  The action which the law has declared should be brought by the superintendent of banks, and which no one else can bring unless he has refused to act, covers all cases arising against officers of an insolvent bank,

dependent upon violations of the banking act of 1919 and its amendments. There are instances in which a person who has been injured by unlawful acts of one who may at the same time happen to be the director of a bank is privileged to pursue his legal remedy against the person who has deceived and thereby defrauded him; but such an action is entirely distinct from an attempt to avail oneself of the rights conferred by the banking act, supra, upon the superintendent of banks. As ruled in *Hines* v. *Wilson,* supra, "The power conferred upon the superintendent of banks by section 7 of article 7 of the banking act of 1919 (Acts 1919, pp. 135, 156), as amended by the act of 1922 (Acts 1922, pp. 63, 65), is in terms confined to such matters as relate to the assets of the bank as such —debts and liabilities due to the bank in its corporate capacity, and does not include authority to sue for torts committed upon depositors by individuals who happen to be officers of the bank." That ruling is not in conflict with what we now hold; for all that was held in the *Hines* case was that "The directors of a corporation may be liable for false statements in regard to the affairs of the corporation, as for fraud and deceit." Again, it is said in the *Hines* case, "The directors or officers of a corporation are liable for their fraudulent acts and representations to persons who are injured thereby. They are no more immune from false representations with intent to deceive, which result in a loss to one who relied thereon, than any other individual." This statement should not be construed as holding any more than that an action of deceit may be maintained against an individual who happens to be a director of a bank, and who, without any regard to his liability as a director, has by fraud and deceit, whether under color of his office or not, perpetrated a fraud and deceived one who has been thereby subjected to loss and injury. The case at bar is distinguished from the *Hines* case, in that the petition shows upon its face that it set forth no cause of action in the absence of the necessary allegation in regard to the refusal of the superintendent of banks to bring this suit, to which we have already referred. Therefore the petitioners in this case had no right to avail themselves of the ruling of this court in the third headnote of *Hines* v. *Wilson,* supra, holding that in a proper case the liability of directors for fraud and deceit may be alleged after the plaintiffs have shown that they have a right to be in court. It is true that in Georgia the right

of amendment is as broad as the plan of universal salvation, as was stated by Chief Justice Bleckley, and followed in *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318); but, as held by Judge Bleckley in the *Ellison* case, 87 *Ga.* 691 (13 S. E. 809), there must be enough to amend by; and that ruling did not extend far enough to permit amendment of an action which because of the absence of an essential prerequisite was fatally defective and was not amended so as to supply the substance essential to its existence. In this case the action which the plaintiffs sought to bring required an amendment setting forth that the superintendent of banks had declined or refused to perform his duty. Had this amendment been made, the cause as set forth would have been entitled to proceed. It does not appear that an amendment of this nature was offered.

Having reached the conclusion that the trial court erred in overruling the general demurrer to the petition and in allowing the amendment offered by the petitioners, it is not necessary to deal with other questions presented in the record and earnestly argued in the briefs of counsel.

*Judgment on main bill of exceptions reversed. Cross-bill dismissed. All the Justices concur.*

ATKINSON, J., concurring specially. The original petition as amended was a suit by certain depositors and creditors suing for themselves and others similarly situated, instituted against the officers of the bank, based on tort. The tort complained of was alleged negligence of the officers in the performance of their duties, alleged to have brought about insolvency of the bank, and causing individual loss to each of the plaintiffs for which they are suing. The plaintiffs are not suing for the bank or pursuing a fund. They are seeking a general judgment against the defendants personally, based on alleged injury to plaintiffs as creditors. The action of defendants did not amount to a tort as against the plaintiffs. Had it done so, the plaintiffs would be the persons having a right to sue. But it would seem that the plaintiffs should sue separately, and not jointly. *Hunter* v. *Moss,* 169 *Ga.* 100 (149 S. E. 705).