23110. BLACK *v.* ESTES *et al.*

DECIDED OCTOBER 14, 1933.

W. V. *Lance, C. N. Davie,* for plaintiff.

E. B. *Dunlap, Wheeler & Kenyon,* for defendants.

SUTTON, J. The plaintiff brought suit against two directors of an insolvent bank, and alleged: that she deposited $2700 in the bank on April 29, 1930; that at that time the bank was insolvent, and the defendants knew or were charged with the knowledge thereof; that the defendants, as such directors, were in charge and control of the bank, and although they were charged with the knowledge of its condition, they allowed the bank to remain open and accepted and received the plaintiff's deposit; that under the law it was the duty of the defendants to know the condition of the bank and to know that the statements put forth by it were true, yet despite this duty the defendants allowed said bank to put forth and advertise its condition to the effect that it was solvent, and, acting upon such published statements, the plaintiff made the deposit aforesaid; that on May 5, 1930, the bank suspended business and was taken over by the superintendent of banks; that the defendants were negligent, in that they allowed the bank to make and publish false reports and statements as to its solvency while they knew, or were charged with the knowledge of, the fact that the bank was insolvent, and in that they permitted the bank to be held out as solvent when it was insolvent for a long time prior to its closing; that the acts of the defendants aforesaid caused the plaintiff to make the deposit in the bank; that on account of these acts the defendants are indebted to the plaintiff; and that the bank had been insolvent for a period of more than seven years prior to its suspension, and if the defendants had made the investigation required of them by law in compliance with their duties as directors, the plaintiff would not have sustained a loss on account of this deposit. To this suit each of the defendants demurred. The court sustained the demurrers and dismissed the petition, and the plaintiff excepted. *Held:*

1. An action for deceit may be maintained against an individual who happens to be a director of a bank, and who, without any regard to his liability as a director, has by fraud and deceit, whether under color of his office or not, perpetrated a fraud and deceived one who has been thereby subjected to loss

and injury. *Jackson* v. *Stallings,* 169 *Ga.* 176, 180 (149 S. E. 902).

2. An action is maintainable by a depositor against the directors of an insolvent bank where the gravamen of the action is false and fraudulent misrepresentations made by such directors to the depositor, which induced him to put his money in a defunct bank. *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802); *McGregor* v. *Battle,* 128 *Ga.* 577, 582 (58 S. E. 28, 13 L. R. A. (N. S.) 185).

3. Directors of a bank may be held liable for knowingly allowing the bank to receive deposits when it is in an insolvent condition. 7 C. J. 564; Ga. L. 1919, pp. 212, 219. However, the knowledge of insolvency which the above principle requires directors to have, to be liable for deposits, means actual knowledge, and not imputed knowledge, arising from neglect to inform themselves. *Dickey* v. *Leonard,* 77 *Ga.* 151(a); *McGregor* v. *Batlle,* supra; *Hill* v. *Hicks,* 44 *Ga. App.* 817 (163 S. E. 253); Utley *v.* Hill, 155 Mo. 232 (55 S. W. 1091, 78 Am. St. R. 569, 49 L. R. A. 323).

4. Construing the allegations of the petition most strongly against the pleader, it makes a case whereby the plaintiff is seeking to hold the defendants, who were directors in the bank, liable for the reason that the bank in which she made the deposit was insolvent at the time, and that the defendants were charged with knowledge of the condition of the bank, and that under the law it was the duty of the defendants to know the condition of the bank and to know that the statements published by the bank, that it was solvent, which the plaintiff relied on in making her deposit, were false and untrue. In these circumstances, the plaintiff does not make a case against these directors for damages on account of their false and fraudulent misrepresentations that the bank was solvent and on account of any negligence on their part in their failure to ascertain that the bank was insolvent, it taking actual knowledge on their part of the insolvency of the bank to charge them with knowledge of its insolvency.

5. The case at bar is not like the case of *Hines* v. *Wilson,* supra, wherein it was alleged that the directors were liable to the depositors bringing the suit for negligence and mismanagement on their part whereby they were damaged, and because of "the

false, deceitful and fraudulent representations of the said directors," and that the directors "have negligently, wrongfully, deceitfully and fraudulently held said bank out to the public and to the petitioners .as being a sound, solvent and going banking institution, and have encouraged and induced petitioners to deposit their money in the bank." The ruling in the *Hines* v. *Wilson* case, supra, has been explained. In *Jackson* v. *Stallings,* supra, Chief Justice Russell of the Supreme Court, the writer of the opinion in the *Hines* case, said: "This statement should not be construed as holding any more .than that an action of deceit may be maintained against an individual who happens to be a director of a bank, and who, without any regard to his liability as a director, has by fraud and deceit, whether under color of his office or not, perpetrated a fraud and deceived one who has been thereby subjected to loss and injury."

6. Applying the foregoing rulings, the court below did not err in dismissing the plaintiff's petition on demurrer.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*