## PONDER *v.* QUITMAN GINNERY.

1. An amendment offered to a petition but disallowed by the trial judge becomes no part of the record, and consequently can not be considered by this court unless set forth in the bill of exceptions or annexed thereto as an exhibit and duly authenticated.

2. When a petition is demurred to on both general and special grounds and dismissed upon the former only, this court can not, upon a bill of exceptions sued out by the plaintiff in which he assigns error upon the ruling adverse to him, undertake to pass upon the sufficiency of the special grounds of demurrer.

3. The employment by the owner of a ginning plant of machinery which separates dust and sand from cotton and expels the particles of dust and sand into the air in large volumes, causing the same to be blown into the dwelling-house of an adjacent proprietor, to his great discomfort and injury, is an invasion of his property rights, for which an action for damages will lie.

Submitted December 16, 1904. — Decided January 30, 1905.

Action for damages. Before Judge Mitchell. Brooks superior court. May 2, 1904.

*J. W. Edmondson,* for plaintiff. *Bennet & Bennet,* for defendant.

EVANS, J. The plaintiff in error filed a petition in which she named the Quitman Ginnery as defendant and wherein she set forth the following complaint: Plaintiff is the owner of a dwelling-house in the town of Quitman, of the value of $3,000. The defendant, a corporation, has erected and is now operating an extensive ginning plant just across a narrow street from her dwelling, which plant is run continuously for about five months of each year and has been in operation for the past five years. The

gins installed in this plant have flues attached for the purpose of taking the dust and dirt out of the cotton as it passes through the gins, and this dust and dirt is continuously being blown into her residence, greatly to the hurt, vexation, and injury of plaintiff, causing her to do a great amount of extra work in sweeping and dusting and trying to keep her house clean and in order, and endamaging her in the sum of fifty dollars per year. By reason of the blowing of the dust, dirt, and lint from defendant's plant into her dwelling-house, the health of herself and family has been very much impaired, her husband having been able to perform scarcely any labor for several months in consequence thereof. Being poor and advanced in years, she is dependent in a great measure upon his labor for a support. In order to get away from such a nuisance, she has offered to sell or rent her place and move away to the country; but owing to the proximity of defendant's plant, she can get neither purchaser nor tenant. Because of the noise and confusion made by the running of the machinery in said plant, she is unable to get as much sleep and rest as is necessary for the enjoyment of good health, the machinery often being run far into the night and being always started before day in the morning. By reason of detriment to her health and the mental worry so caused, she has been damaged in the sum of fifty dollars per year; and because of the impairment of her husband's health, she has suffered damages to the amount of one hundred dollars. Her furniture, bedding, window curtains, and wearing apparel have been injured by the dust, dirt, and lint blown into her house from the defendant's plant, entailing upon her a loss of one hundred dollars. In consequence of the erection, operation, and maintenance of the nuisance aforesaid in such close proximity to the residence of plaintiff, her house and lot have become almost, if not totally, valueless, to her injury and damage in the sum of $2,500. Waste cottonseed are allowed to accumulate under and around said plant and there rot, the stench from which is almost unbearable and contributes largely to her damages, which in the aggregate amount to three thousand dollars. At the hearing of the case, the plaintiff asked leave of the court to amend her petition in certain particulars; but the defendant objected to the allowance of the proposed amendment, and the court declined to allow the same. The defendant then pressed a demurrer which it had filed

to the plaintiff's petition, which demurrer embraced both general and special grounds. Without undertaking to pass upon any of the special grounds of the demurrer, the court granted an order sustaining it generally, and dismissed the plaintiff's action. To both of the adverse rulings above mentioned she excepted. The proposed amendment to the petition is not set out in her bill of exceptions nor annexed thereto as an exhibit, but appears in the transcript of the record sent up to this court, having been improperly incorporated therein by the clerk of the trial court.

1, 2. The question of practice dealt with in the first headnote has heretofore been definitely settled by this court. *Moore* v. *Guyton*, 110 *Ga.* 330 ; *Taylor* v. *McLaughlin*, 120 *Ga.* 703, and cases cited. The ruling announced in the second headnote is in accord with the decision rendered in *Linder* v. *Whitehead*, 116 *Ga.* 206.

3. The action is one for damages accruing from the erection and maintenance of a private nuisance. The tortious act complained of is the operation of a ginnery, situated in close proximity to the plaintiff's premises, in such a manner as to seriously interfere with her enjoyment thereof as a home. "A nuisance is anything that worketh hurt, inconvenience, or damage to another ; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of fastidious taste, but it must be such as would affect an ordinary reasonable man." Civil Code, § 3861. The plaintiff has a natural right to the enjoyment of the unpolluted air ; and if the defendant corporation, by contaminating the air with dust, dirt, and lint, thrown into the air by artificial means and blown into her dwelling to her hurt and discomfort, has interfered with her enjoyment of the premises, the defendant must respond to her in damages. *Swift* v. *Broyles*, 115 *Ga.* 885; *Farley* v. *Gate City Gas-Light Co.*, 105 *Ga.* 331. . With respect to this alleged unlawful interference with her rights of property, at least, the petition set forth a cause of action. The defendant may have been engaged in an occupation which could be lawfully conducted, but it had no right to so conduct its business as to inflict injury to owners of adjacent property. The employment of machinery which separates dust and sand from cotton by means of a blast which drives the parti-

cles of dust and sand into the air and causes them to be blown into the plaintiff's dwelling is an invasion of her right to enjoy her home in its natural state under ordinary surroundings. Nothing decided in *Austin* v. *Augusta Terminal Co.*, 108 *Ga.* 671, is in conflict with what is here held, as in that case the acts complained of did not amount to a nuisance.

As the demurrer was sustained generally, we have confined our inquiry to the question whether or not the petition set forth a cause of action.     As the court below held it did not, the plaintiff was cut off from curing, by way of amendment, such defects in her pleading (if any) as were subject to special demurrer.     When the case " comes up for another hearing, the court below may yet do what it has not heretofore done, viz., pass upon the special grounds of the demurrer."     *Linder* v. *Whitehead*, 116 *Ga.* 210.

*Judgment reversed.     All the Justices concur.*