GREER *et al. v.* McDONALD *et al.,* administrators.

FISH, C. J. 1. Lot of land number 160 in the third district of Dooly county was offered for sale by the acre at administrator's sale (terms cash), and was bid off at the price of $8 per acre. The administrators executed a conveyance in the usual form of an administrator's deed, conveying the land to the purchasers, and describing it by its lot and district numbers and as containing 202½ acres, more or less, the recited consideration being an amount apparently based on a calculation of 202½ acres at $8 per acre. The purchasers paid such consideration and accepted the conveyance, having actual notice at the time of all the contents of the instrument, and assuming that the administrators knew the number of acres in the lot and that they had "made the calculation correctly, to wit at $8 per acre, and that there were 202½ acres

of land," and being governed by the representations made by the administrators as contained in the deed, and relying upon the correctness of the same. Subsequently the purchasers ascertained by "measurement" of the land that it contained only 130 acres. *Held:* In an action brought by the purchasers against the administrators, praying for a reformation of the conveyance so as to make it conform to the original contract of purchase of the land by the acre at the price of $8 per acre, and for a recovery for the shortage in the land, where the petition set forth in substance the facts as above stated, such petition was properly dismissed on general demurrer. The purchasers voluntarily, and with full knowledge of its contents, accepted the conveyance and paid the consideration expressed therein. They were not induced to so act by any accident, mistake, inadvertence, or fraud, and therefore were not in a position to ask for a reformation of the instrument.

2. An assignment of error upon a refusal to allow an amendment to the petition will not be considered by the Supreme Court, where the rejected amendment is not embodied in the bill of exceptions, or attached thereto and properly identified by the judge as an exhibit. *Ponder* v. *Quitman Ginnery,* 122 *Ga.* 29 (49 S. E. 746) ; *McGarry* v. *Seiz,* 129 *Ga.* 296 (58 S. E. 856). *Judgment affirmed. All the Justices concur.*
FEBRUARY 18, 1914.

Equitable petition. Before Judge W. H. Lesseter (of the city court). Dooly superior court. November 6, 1912.

*Watts Powell, J. T. Hill,* and *J. W. Dennard,* for plaintiffs.
*Busbee & Busbee,* for defendants.