## PITNER *v.* SHUGART BROTHERS.

1. Where in an equitable petition plaintiff, the owner and occupant of a dwelling, sought injunction against the operation of a cotton-gin in close proximity to the dwelling, on the ground that it worked hurt, injury, and inconvenience by polluting the air in consequence of its being filled with dirt, dust, lint, etc., thrown off in the operation of the ginnery, the court erred in so charging the jury as to make the plaintiff's right to the relief sought depend upon the question as to whether ordinary care and diligence were exercised in the operation of the ginnery.

2. There was no error in excluding evidence as to the statement made by the agent for a fire-insurance company as to increased premiums for fire insurance on the dwelling, caused by the operation of the cotton-gin. Such evidence was hearsay.

3. It is unnecessary to pass upon the grounds involving the conduct of the parties alleged to have prejudiced and misled the jury when the

latter went to view the premises, as it is not probable that this will occur again.

No. 1816.　August 14, 1920.

Equitable petition. Before Judge Tarver. Whitfield superior court. December 13, 1920.

Mrs. W. H. Pitner filed her petition against Shugart Brothers, seeking an injunction to prevent the defendants from operating a cotton-gin alleged to be within thirty feet of her dwelling, on the ground that it is a nuisance, it being alleged that the ginnery is insufficiently equipped and negligently operated, and that it has not the proper equipment for conveying the seed and lint-cotton from one part of the premises to another, and that in consequence of the negligent manner of conveying the seed and lint loose particles of lint as well as much dust, dirt, and trash are blown out into the surrounding air and carried into the residence of petitioner; that the dust and lint come in through the crevices and cracks of her residence and blow all over her place, settle on her bed and furniture, and in other respects injure her property. It is alleged that the conditions causing the nuisance could easily and cheaply be remedied, but have not been remedied, and her use and enjoyment of her property is greatly interfered with by the conduct of the defendants; and that the rental value of plaintiff's property has been practically destroyed.

After evidence was introduced, the plaintiff amended her petition "by striking therefrom all allegations of negligence as to the construction of the gin." Evidence was submitted, witnesses were heard at the trial, and the jury were permitted to view the premises. The trial resulted in a verdict for the defendants. The plaintiff filed a motion for a new trial, which was overruled, and she excepted.

*F. K. McCutchen* and *Maddox, McCamy & Shumate,* for plaintiff.

*W. C. Martin* and *W. E. & W. G. Mann,* for defendants.

Beck, P. J. (After stating the foregoing facts.)

1. Error is assigned upon that portion of the court's charge wherein the jury were instructed that "the defendants had the right to construct the ginnery in question, and use in its construction ordinary care and diligence, and after construction had the right to operate it, using in its operation ordinary care and dili-

gence; . . but if they did not use ordinary care and diligence in the operation of the ginnery after construction, and if because of the negligent construction of the ginnery, in the installation of machinery, or because of the negligent operation of the ginnery, hurt, inconvenience, or damage resulted to the plaintiff, and it was not such inconvenience or damage as was fanciful, or as would affect only one of fastidious taste, but such as would have affected an ordinarily reasonable man, then the plaintiff would be entitled to a writ of injunction as against the operation of the ginnery in this manner by the defendants." Subsequently to the giving of this charge the amendment striking from the petition all allegations as to the negligent construction of the gin was submitted and allowed, and the court charged the jury thereupon that they would not consider the allegations contained in the petition relative to the negligent construction of the gin, nor consider the references in the charge of the court to the stricken allegations.

The portion of the charge first quoted was excepted to upon the ground, among others, that it lays down an incorrect rule as to the plaintiff's rights in case the jury should find that the injuries complained of resulted from the operation of the gin; and the instructions given after the amendment referred to was made are excepted to on the ground that they were vague and misleading and too general to cure the errors set out in the extract from the charge first quoted. The charge of the court stated above is open to the criticism that it is somewhat vague and confusing; but we do not pause to point out just wherein it is vague or indefinite, and confine ourselves to ruling upon the proposition, laid down by the court, that the plaintiff would not be entitled to an injunction if the gin was operated with ordinary care and diligence. This rule is radically wrong. The jury must have understood that if a ginnery erected within thirty feet of the plaintiff's residence did, as complained, throw dirt, lint, and trash upon the premises of the plaintiff in such a way as to cause the lint and dirt and other impurities to go through the cracks, windows, or other apertures of the residence, so as to materially interfere with the comfort and convenience or health of the inmates and to the material decrease of the rental value of the premises, nevertheless if the defendants, the owners and operators of the ginnery, had observed reasonable care and diligence in the construction and operation of the gin, the

plaintiff had no redress in a court of equity. We do not understand that to be the law. It is not true that an individual or a corporation can set up a ginnery in close proximity to a residence and continue to operate it so as to practically destroy the value of the residence near which it is located, provided in the operation of the ginnery ordinary care and diligence is shown. To hold that this is law would practically destroy the maxim, "Sic utere tuo ut alienum non lædas." A nuisance is defined in the Civil Code, § 4457, as "anything that worketh hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful, or such as would affect only one of fastidious taste, but it must be such as would affect an ordinary reasonable man." It has been held more than once by this court that the operation of a cotton-gin is not per se a nuisance, but that it may become so under certain circumstances; and it does become such, and it has been so ruled, if the cotton-gin is operated in such a way as to invade and injure the property of another. *Tate* v. *Mull,* 147 *Ga.* 195 (93 S. E. 212, 3 A. L. R. 310). If we correctly interpret the rule there laid down, it means that if one erects a cotton-gin in close proximity to the dwelling-place of another, and the operation of the same works hurt, injury, and inconvenience to the owner or occupants of the dwelling, the test is not whether the operators of the gin used ordinary care and diligence, in case the owner of the dwelling should seek injunctive relief, but the test is, does the operation of the gin as alleged work hurt, inconvenience, or injury, as limited in the code section quoted above? In this connection read the well-considered case of *Holman* v. *Laundry Co.,* 149 *Ga.* 345 (100 S. E. 207, 6 A. L. R. 1564). In that case it was said: "Every person has the right to have the air diffused over his premises, whether located in the city or country, in its natural state and free from artificial impurities. (*a*) By air in its natural state and free from artificial impurities is meant pure air consistent with the locality and character of the community. (*b*) The pollution of the air, so far as reasonably necessary to the enjoyment of life and indispensable to the progress of society, is not actionable. (*c*) The privilege of use incident to the right of property must not be exercised in an unreasonable manner, so as to inflict injury upon another un-

necessarily.    (d) The maxim, 'Sic utere tuo ut alienum non lædas,' considered and applied."

We cite and quote from the *Holman* case in order that sight may not be lost of the distinction that was made with reference to the "locality and character of the community" when the question of injury caused by pollution of the air or similar injuries is in question.

2, 3.    An elaboration of the rulings made in headnotes 2 and 3 is not necessary.    *Judgment reversed.    All the Justices concur.*