## 16329. CITY OF MACON *v.* ROY.

That part of the charge of the court which is set out in subdivision (*b*) of the 5th division of the opinion, as to damages recoverable if the city caused and continued to cause the flow upon the plaintiff's property of water which would not have flowed upon it before the construction of the sewer, was confusing, in giving the measure of damages applicable to abatable nuisances with that applicable to permanent nuisances in such a way as might cause the jury to believe that they could apply the latter measure of damages to abatable nuisances; and a new trial should have been granted for this reason.

The other instructions complained of were not subject to the exceptions taken, and the verdict for the plaintiff was not without supporting evidence.

DECIDED NOVEMBER 16, 1925.

Action for damages; from city court of Macon—Judge Jordan. January 9, 1925.

Charles Roy sued the City of Macon and the Vineville Improvement Company for damages, alleging that they entered into a conspiracy, in the prosecution of which certain streets were laid out, curbs and gutters placed, and a great volume of water accumulated into a sewer opening into Roy street, in front of his lot; thus diverting the natural flowage of the surface water and causing it to flow in and upon his property, to his injury and damage. A nonsuit was granted as to the Vineville Improvement Company, and a verdict was rendered against the city for $1,000. The city's motion for new trial was overruled, and the movant excepted.

*Grady Gillon, H. C. Russell,* for plaintiff in error.
*H. F. Strohecker, A. W. Graves,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1, 2. The first ground of the amendment to the motion for new trial complained that the verdict was without evidence to support it, for the reason that it did not appear that the City of Macon ever in fact constructed the sewer complained of, or ratified its construction. The evidence upon this point is meager, to say the least; but, however that may be, we are of the opinion that it was not necessary for the plaintiff, in an action for damages based upon the alleged maintenance of a continuing nuisance to show that the city actually constructed or ratified the construction of the sewer. The petition showed that the city had maintained the alleged nuisance for about two years, and was continuing to do so, and that it failed to abate the same. The city having sole supervision and control over its streets, and being vested with the sole power and authority to abate such an alleged nuisance, it follows that where such a nuisance in fact exists in a public street, and the city does not abate the same, it will be deemed to be an active tortfeasor. See *Holmes* v. *City of Atlanta,* 113 *Ga.* 961 (39 S. E. 458) ; *Mayor &c. of Waycross* v. *Houk,* 113 *Ga.* 963 (39 S. E. 577). Accordingly, this ground of the motion for new trial, as well as the exception to the charge set out in the second ground of the amendment to the motion for a new trial, was without merit.

3. The third ground of the amendment to the motion for a new trial complained that the verdict was without evidence to support it, because the evidence of the plaintiff showed that there were a number of causes contributing to the flow of water upon the plaintiff's property; that there was no evidence by which the jury could apportion the respective portions of water to their several causes, so as to ascertain what quantity was brought down by the sewer. It appeared from the evidence that all of the water about which plaintiff complained, irrespective of how it was collected, was accumulated into the sewer complained of, and delivered by it upon his property. The issues raised by the pleadings and the evidence did not require the jury to ascertain the amounts arising from the different causes; what the plaintiff was complaining of was the fact that the sewer-opening in the street in front of his property was bringing an unnatural, excessive, and damaging volume of water upon his property. The complaint related not to the several sources of the augmented supply, but to its destina-

tion. The plaintiff averred that the water, after being thus diverted and collected by the sewers, ought not to have been delivered on his property to his injury and damage. There was no merit in this ground.

4. Exception is taken to the following part of the charge of the court: "I charge you, . . that if it has been shown by a preponderance of the evidence that the defendant has, by constructing a sewer, caused water to flow upon the premises of the plaintiff that it did not flow upon prior to the construction of the said sewer; if you believe, by a preponderance of the evidence, that such flowing of water upon said premises has caused damage to the property of the plaintiff, then I charge you that the plaintiff will be entitled to recover."

(a) The first attack on this charge is that it fails to state to the jury that a municipal corporation is not liable for damage caused in the construction of a sewer when such corporation, in the construction of such sewer, is exercising a governmental function.; that the charge should have stated that if the same was in the exercise of a governmental function, the city would not be liable therefor. On this ground of attack let it be said that the rule is well established that the maintenance of sanitary-drainage sewers is in the exercise of a governmental function; and if a mere question of the negligent exercise of this function constituted the matter involved, the movant would have been clearly right. See *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345). But in the opinion in that case another rule of liability was invoked and applied. The court, quoting from *Kea* v. *Dublin,* 145 *Ga.* 511 (89 S. E. 484), said: " 'Although municipal authorities may have plenary power in the matter of collection, removal, and disposition of garbage, yet they can not lawfully create, in connection therewith, a nuisance dangerous to health or life; and where such a nuisance is created and its effect is specially injurious to an individual by reason of its proximity to his home, he has a cause of action for damages.' " Numerous other decisions to the same effect are cited. It follows that the authority upon which plaintiff in error plants this attack on the charge of the court does not sustain his contention as applied to the instant case. The rule is that while municipal corporations do have certain sovereign governmental powers which can not be superintended by the courts,

yet in the exercise of such powers they have no right to create and maintain a nuisance hurtful to private citizens. An earlier decision than the one in the *Cleveland* case, supra, recognized this doctrine,—*Holmes* v. *City of Atlanta,* supra, in which it was held, that "A general grant of power to grade streets and to establish in connection therewith a system of drainage does not carry with it any right on the part of the municipality to create and maintain a nuisance by causing surface-water polluted by filth and noxious odors to be discharged upon the premises of a private citizen; and he may, when such a thing has been done, maintain against the city an action to recover the damage he has in consequence sustained." These two separate and distinct principles of law do not conflict, but each operates in its own particular sphere. The court, in the excerpt complained of, was dealing with the latter doctrine. This principle being correctly stated, it might have been confusing to charge the other doctrine in connection therewith, unless very carefully distinguished, since the former doctrine could not constitute a defense in maintaining the alleged nuisance.

(*b*) Another reason which is assigned why the quoted excerpt from the charge was error is that the judge invaded the province of the jury in calling attention to certain acts and facts as constituting *negligence*. We fully recognize the rule adverted to, but are of the opinion that it has no application here. The cause of action was not planted upon the law of negligence. An action for damage from the maintenance of a nuisance is predicated upon an altogether different theory. Negligence is not even a necessary ingredient of a cause of action growing out of a nuisance. A nuisance may arise through acts and conduct done within the pale of the law and executed with due care; and yet if the result attained injures the property or individual rights of another by causing a nuisance, the maintainer must either abate the nuisance or else respond in damages. Such was the reasoning in the case of *Central of Ga. Ry. Co.* v. *Americus Construction Co.,* 133 *Ga.* 392, 398 (65 S. E. 855), where the court held that a nuisance is the result of an act which is not wrongful in itself, but only in the consequences which may flow from it. Immediately following the excerpt complained of and in the same connection the court charged: "If you believe . . that the defendant has caused and continues to cause water to flow upon the property of the

plaintiff, which didn't flow upon it prior to the construction of the sewer, *and if you further believe that the same constitutes a nuisance,* and that such nuisance can be abated, and the defendant fails and refuses to abate the same, then I charge you that the plaintiff will be entitled to recover any and all damages that the evidence shows that he may have sustained, if any." The excerpt from the charge was not erroneous for the reasons assigned.

(c)  It was not erroneous for the reason that it eliminated all the other issues made by plaintiff, and gave plaintiff the right to recover upon the establishment of one isolated and not largely contributing factor.  The contentions of the plaintiff were that the defendant had made an absolute invasion upon his property rights, and was maintaining a nuisance which was hurtful to him.  This was clearly presented by the judge in his general charge to the jury, and they could not have been misled.  If the plaintiff's petition was confusing, it had passed the stage of demurrer; and the judge was required to instruct upon the cause or causes of action set forth.

5.  It is alleged that the court erred in charging: "If you believe  .  .  that the defendant has caused and continues to cause water to flow upon the property of the plaintiff, which didn't flow upon it prior to the construction of the sewer, and if you further believe that the same constitutes a nuisance, and that such nuisance can be abated, and the defendant fails and refuses to abate the same, then I charge you that the plaintiff will be entitled to recover any and all damages that the evidence shows he may have sustained, if any. If, however, you believe that the same *does not constitute a nuisance,* then I charge you that the measure of damages, should you find that he has been damaged, will be the difference in the market value of the property before the construction of the sewer and the consequent flow of water upon plaintiff's property, and after." (a) Movant contended that this excerpt was error in that the court did not restrict recovery to within four years before the suit was filed.  There was no error in this respect, because the petition and the undisputed evidence showed that the sewer was constructed within less than four years prior to the filing of the suit. (b) There was sufficient evidence in the case upon which the jury could have found that there was in fact an abatable nuisance and that it was harmful; but there was no evidence in-

dicating the existence of an unabatable or permanent nuisance. The inference in the case of *Danielly* v. *Cheeves,* 94 *Ga.* 263, 269 (21 S. E. 524), is that until it has been definitely established that the nuisance is not temporary and not abatable, it will be assumed that the same will be abated. In the case of a permanent nuisance the measure of damages is the diminution in the market value of the property by reason of the nuisance, while in the case of an abatable nuisance it is the actual damages which may have already accrued within the statute of limitations and up to the filing of his petition. See *Langley* v. *City Council of Augusta,* 118 *Ga.* 590, 591 (9) (45 S. E. 486, 98 Am. St. Rep. 133). While the language of the excerpt, as shown by the record before us, does not so state, it apparently seeks to charge the measure of damages applicable both to abatable and to permanent nuisances. While we do not think the evidence authorized any charge relative to the measure of damages applicable to permanent nuisances, we think the language of the excerpt as contained in the exception and in the charge as disclosed by the record was confusing, in that it might have led the jury to believe that they could award damages represented by the difference between the market value before and after the erection and maintenance of the sewer, even though the conduct of the defendant did not amount to the maintenance of a nuisance at all; and since the distinction between the two sorts of nuisances is not drawn, they might have felt authorized to apply such latter measure of damages to abatable nuisances. For this reason only, the judgment overruling the motion for new trial must be reversed.

*Judgment reversed. Stephens and Bell, JJ., concur.*