## JOHNSON *v.* SOUTHERN RAILWAY COMPANY.

HINES, J.   1.   On September 10, 1927, the court sustained the defendant's plea in bar, and dismissed the petition of the plaintiff.   To this judgment the plaintiff excepted pendente lite, and assigns error thereon. On September 23, 1927, the court, without notice to the plaintiff, passed an order revoking and vacating the order sustaining the defendant's plea in bar and dismissing the petition.   To this order the plaintiff excepted pendente lite, and assigns error.   The plaintiff offered an amendment to his petition, in reply to the plea in bar.   The court rejected this amendment, and the plaintiff excepted pendente lite, reciting that the rejected amendment is attached as exhibit A to his bill of exceptions.   Exhibit A contains only a plat of the premises in dispute. There appears in the record, immediately after the certificate of the judge to the exceptions pendente lite, what purports to be an amendment to the petition.   This amendment is not identified by the signature of the judge, and it does not appear to have been made a part of the record by order of the court.   *Held:*

(*a*) The error in sustaining the plea in bar and in dismissing the plaintiff's petition was cured by the subsequent order of the court setting aside and vacating said order.

(*b*) The order setting aside and vacating the former order sustaining the plea in bar and dismissing the plaintiff's petition, if erroneous, was an error committed in favor of the plaintiff, of which he can not complain.

(*c*) The amendment offered by the plaintiff to meet the plea in bar filed by the defendant is not incorporated in his exceptions pendente lite, nor in the bill of exceptions, nor is it attached to either as an exhibit properly identified; for which reason the exception to the order of the court disallowing it can not be considered.   *Greer* v. *McDonald,* 141 *Ga.* 309 (2) (80 S. E. 1002); *Holmes* v. *Cobb Real Estate Co.,* 142 *Ga.* 56 (82 S. E. 496).

2. In its plea in bar the defendant alleged that the plaintiff had given to it an option to purchase that portion of his land involved in this

litigation, and that it had exercised this option and paid to the plaintiff the agreed price, for which reason the plaintiff was not entitled to recover. The case went to trial upon the issue raised by this plea. The plaintiff introduced no evidence to sustain the allegations of his petition. The defendant introduced evidence sustaining its plea, which was uncontradicted. The court directed a verdict for the defendant. The plaintiff moved for a new trial upon the general grounds. By amendment he set up two additional grounds, to the effect that the court erred in refusing to allow him to amend his petition so as to meet the allegations of the defendant's plea, by which error the subsequent proceedings in the case were nugatory, and he was deprived of the right of trial by jury on the question of compensation for his property taken by the defendant for a side-track, and of injunction against the defendant trespassing upon the strip of land between the side-track and the strip purchased by the defendant. *Held:*

(a) The verdict in favor of the defendant's plea was demanded by the evidence, and the court did not err in directing the jury to return this verdict.

(b) Having held that we can not consider the assignment of error based upon the refusal of the court to permit the plaintiff to amend his petition so as to meet the allegations of the defendant's plea, we can not determine what rights, if any, the plaintiff has been deprived of by said ruling.             *Judgment affirmed. All the Justices concur.*

No. 6360. April 12, 1928.

Equitable petition. Before Judge Pittman. Whitfield superior court. November 14, 1927.

*William E. & Gordon Mann,* for plaintiff.

*Maddox, Maddox & Mitchell,* for defendant.