ASPHALT PRODUCTS COMPANY *et al. v.* BEARD.

No. 13107. FEBRUARY 13, 1940.

612

*Roy S. Drennan* and *Roland Neeson,* for plaintiffs in error.
*James H. Dodgen* and *John H. Hudson,* contra.

JENKINS, Justice. 1. "That which the law authorizes . . . , if done as the law authorizes, . . . can not be a nuisance." *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124) ; *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (2) (140 S. E. 763). Thus, equity will not enjoin, as a nuisance *per se,* "an act, occupation, or structure which is [not] a nuisance at all times or under all circumstances, regardless of location or surroundings" *(Thomoson* v. *Sammon,* 174 *Ga.* 751, 757, 164 S. E. 45; *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 466, 85 S. E. 344, L. R. A. 1915E, 430; *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575, 576, 141 S. E. 643), or enjoin, as a nuisance *per accidens,* an act, business, occupation, or structure, which, not being a nuisance *per se,* does not become a nuisance by reason of the particular circumstances of its operation or the location and surroundings, as by some improper manner of operation or improper connected acts. *Simpson* v. *DuPont Powder Co.,* supra; *Warren Co.* v. *Dickson,* 185 *Ga.* 481, 484 (195 S. E. 568). The operation of an asphalt-manufacturing and cement-mixing plant is not a nuisance *per se.* Nor does it become a nuisance *per accidens,* if it is conducted in a manufacturing section of a city, merely because it is operated by coal or some fuel discharging obnoxious smoke and cinders, or releases dust, or is ac-

companied by loud, rattling noises during the day and night, and is within 200 feet of a residence, where it is not shown that such operation is in a residence neighborhood, or that the manner of operation is unusual in a business of this character, or unnecessary and avoidable. This petition for injunction against the entire operation of such a plant not only failed to allege these facts, but showed on its face that a similar plant had been in the same location for several years, without even an averment that this operation did not antedate the residence in their home of the petitioner and his family. See *Georgia Railroad Co.* v. *Maddox,* 116 *Ga.* 64 (4), 77 (42 S. E. 315); *Ruff* v. *Phillips,* 50 *Ga.* 130, 133; 46 C. J. 666.

2. "A public nuisance, as distinguished from a private nuisance," will not be enjoined on the petition of an individual, "unless it causes special damage to the individual, in which the public do not participate." *Warren Co.* v. *Dickson,* supra, and cit.; Code, §§ 72-102, 72-103. The allegations of the petition as to the spilling of concrete and asphalt in a public street and its effect on persons walking along the street relate to a public nuisance, and stating no special damage show no cause of action.

3. The petition does not show any cause of action for a new injunction against the present corporate defendant named and its officer by virtue of an interlocutory injunction granted by the trial court in 1935 in another case against a corporate defendant with a different name. Not only is it not shown that the present individual defendant was a party defendant to that litigation, but there is no averment of fact sufficient to show that the corporate defendants in the two cases are the same. While it is alleged that the present corporate defendant and its officer "have changed the name of the corporation for the purpose of evading the orders of the superior court," first operating under the name of the corporate defendant in the previous suit, then under the name of a second stated corporation, and now under the name of the present corporate defendant, this conclusion could not legally be true, so as to treat the three named corporations as identical and bind the present corporate defendant by the former injunction, for the reason that it is legally impossible for the present corporate defendant and its officer to have effected such previous changes of the corporate name. Furthermore, even if the petition could be

so construed, the remedy of the plaintiff would be, not to bring this new and additional action, but to enforce the order already obtained.

4. Under the preceding rulings the court erred in overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*