29087. ASPHALT PRODUCTS COMPANY *v.* MARABLE *et al.*

DECIDED SEPTEMBER 30, 1941.

*Roy S. Drennan,* for plaintiff in error.

*J. Millard Jackson, Oscar L. Long,* contra.

BROYLES, C. J. Mrs. R. O. Marable and Miss Mattie Mulligan sued the Asphalt Products Company to recover damages for the maintenance of an alleged nuisance. The defendant demurred generally and specially to the petition, and after the plaintiffs had amended their petition renewed its original demurrers to the petition as amended, and further demurred generally and specially thereto. Whereupon, the court rendered the following judgment: "The special demurrers are passed at this time for further consideration and all general demurrers are overruled."

A substantial statement of the petition as amended follows: 1. The defendant, a Georgia corporation, has injured and damaged petitioners by the maintenance of a nuisance. "2. That petitioners own and reside in a dwelling-house located in the Town of Gray . ., and in a residential community, and have been so residing several years, and said dwelling is of the value of $3500. 3. That

on or about April 15, 1940, defendant did erect and establish a plant for mixing asphalt, sand, tar, and other such ingredients used in road building within 75 feet of the said house in the said residential community, and that the machinery of said plant is operated by steam generated by burning coal and such substances. 4. That defendant has operated said plant practically every day since its erection and during the operation a dense smoke has been given off containing tar and asphalt fumes, cinders, fine dust and such, and the smoke thus described has streamed into and on petitioners' house, greatly to their hurt, vexation and injury, and causing them to do a great amount of extra work in sweeping and dusting and trying to keep their house clean and in order, thereby damaging them in the sum of  .  .  $50 per month, aggregating .  .  $250. 5. That said smoke was offensive in odor, polluted the atmosphere, and that it, together with the constant roaring noise accompanying the operation of the machinery, has impaired the health of petitioners, making them nervous, injuring their throats and nostrils, and causing them to cough and sneeze incessantly, and that, further, the smoke has damaged their property consisting of the said house, furnishings, shrubbery, and such. 6. That said smoke has blown over and in the house, coating and staining and discoloring it with soot, cinders, tar, asphalt fumes and such, and that the furniture, curtains, draperies, rugs, and flooring, table covers and all other such furnishings of the home have been stained, discolored, made dirty and dingy by reason of said smoke settling and blowing over this property. 7. Petitioners show that the paint, both inside and out of said house, has been stained, changed from its original coloring to that of a dirty and dingy appearance by reason of the dust, tar fumes, smoke and cinders settling on said paint, and that petitioners have been damaged in the sum of $125 thereby. Petitioners further show that the damage done to curtains, draperies, furniture, hardwood floors, bedding and clothing amounted to $125, said damage consisting in soiling, staining, and discoloring said material by the smoke, dust and fumes coming from the machinery. 8. Petitioners  .  . have been injured and damaged in the sum of  .  .  $500 by reason of the facts hereinbefore set out."

"A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise

be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinarily reasonable man." Code, § 72-101. "Nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals." Code, § 72-102. "A private nuisance may injure either the person or property, or both, and in either case a right of action accrues to the person injured or damaged." Code, § 72-104. "'A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings.' . . 'By far the larger class of nuisances is that which may be termed nuisances in fact or nuisances per accidens, and consists of those acts, occupations, or structures which are not nuisances per se but may become nuisances by reason of the circumstances or the location and surroundings.'" *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 466 (85 S. E. 344). Equity will not enjoin, "as a nuisance per accidens, an act, business, occupation, or structure, which, not being a nuisance per se, does not become a nuisance by reason of the particular circumstances of its operation or the location and surroundings, as by some improper manner of operation or improper connected acts. . . The operation of an asphalt-manufacturing and cement-mixing plant is not a nuisance per se. Nor does it become a nuisance per accidens, if it is conducted in a manufacturing section of a city, merely because it is operated by coal or some fuel discharging obnoxious smoke and cinders, or releases dust, or is accompanied by loud, rattling noises during the day and night, and is within 200 feet of a residence, where it is not shown that such operation is in a residence neighborhood, or that the manner of operation is unusual in a business of this character, or unnecessary and avoidable." *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610, 612 (7 S. E. 2d, 172).

In the foregoing case, the court cited 46 C. J. 666 [§ 32], which reads as follows: "The locality is to be considered in determining whether there is a nuisance, although it is not conclusive, but is to be considered in connection with all circumstances of the case.

There are some nuisances in which the act complained of may be wrongful, but constitutes a nuisance only by reason of its location, and there may be an act or condition that is rightful, or even necessary, but may become a nuisance by reason of its location. What might be a nuisance in one locality might not be so in another. A business which might be perfectly proper in a business or manufacturing neighborhood may be a nuisance when carried on in a residential district; and conversely a business which with its incidents might well be considered a nuisance in a residential portion of a city or village may be proof against complaint when conducted in a business or manufacturing locality." One of the numerous authorities cited to sustain the above statement that "a business which might be perfectly proper in a business or manufacturing neighborhood may be a nuisance when carried on in a residential district," is *Coker* v. *Birge,* 9 *Ga.* 425, 429 (54 Am. D. 347), from which we quote as follows: "The maxim of the law is, *sic utere tuo ut alienum non laedas.* The legal proposition then is, that if one do an act, of itself lawful, which being done in a particular place, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to. do that act where it will not be injurious or offensive. . . The erection of the stable, then, in the particular place stated, will work hurt, inconvenience, prejudice and damage to the complainant and his property, and is, therefore, in the eye of the law, a nuisance. To constitute a nuisance, it is not necessary that the noxious trade or business should endanger the health of the neighborhood. It is sufficient if it produces that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable."

"The employment by the owner of a ginning plant of machinery which separates dust and sand from cotton and expels the particles of dust and sand into the air in large volumes, causing the same to be blown into the dwelling-house of an adjacent proprietor, to his great discomfort and injury, is an invasion of his property rights, for which an action for damages will lie." *Ponder* v. *Quitman Ginnery,* 122 *Ga.* 29 (3) (49 S. E. 746). In *Holman* v. *Athens Empire Laundry Co.,* 149 *Ga.* 345 (100 S. E. 207, 6 A. L. R. 1564), the plaintiff sought to enjoin the laundry company from operating its plant with soft coal which threw out a black, dense smoke. It may be observed that in that case "the defendant's evidence was to

the effect that its laundry and the plaintiff's building were located in the business section of the city; that its laundry had been in operation several years before the plaintiff erected his building in close proximity thereto." The court directed a verdict for the defendant, and, on page 351 of the decision, the Supreme Court said: "Whether a nuisance in fact existed, in the circumstances of this case, was at least a question for the jury." We quote from pages 350 and 351 of the *Holman* case as follows: "Theoretically, every person has the natural right to have the air diffused over his premises in its natural state, free from all artificial impurities. Wood on Law of Nuisances (3d ed.), § 495. If this rule were literally applied, its application would seriously disturb business, commerce, and society itself. Hence, by air in its natural state and free from artificial. impurities is meant pure air consistent *with the locality and nature of the community*. Wood on Law of Nuisances (3d ed.), § 496, and cases cited; Joyce on Law of Nuisances, § 136, and cases cited. [Italics ours.] The use of fuel in the home, the place of business, and the manufacturing establishment is necessary. In proportion as the population thickens, the impurities thrown into the air are increased. The pollution of the air, actually necessary to the reasonable enjoyment of life and indispensable to the progress of society, is not actionable; but the right (and such it must be conceded) must not be exercised in an unreasonable manner ·so as to inflict injury upon another unnecessarily. . . The right to use one's property as he pleases implies a like right in every other person; and it is qualified by the doctrine that the use in the first instance must be a reasonable one. . . In Crump *v.* Lambert, L. R. 3 Eq. 409, 412, Lord Romilly, M. R., said: 'With respect to the question of law, I consider it to be established by numerous decisions that smoke, unaccompanied with noise or noxious vapour, that noise alone, that offensive vapours alone, although not injurious to health, may severally constitute a nuisance to the owner of adjoining or neighbouring property.' To constitute smoke a nuisance, according to the authorities, it must be such as to produce a visible, tangible, and appreciable injury to property, or such as to render it specially uncomfortable or inconvenient, or to materially interfere with the ordinary comfort of human existence. . . With respect to dwelling-houses, the rule is stated in Wood on Nuisances (3d ed.), § 505, as follows: 'The rule is

that the comfortable enjoyment of the premises must be *sensibly* diminished, either by actual, tangible injury to the property itself, or by the promotion of such *physical* discomfort, as detracts *sensibly* from the ordinary enjoyment of life.'"

"A business may be a nuisance either by reason of its location or by reason of the improper or negligent manner in which it is conducted." Dauberman v. Grant, 198 Cal. 586 (246 Pac. 319, 48 A. L. R. 1244). In that decision the court said: "Responding to defendant's contention that 'mere smoke' will not constitute a nuisance, it will be noted that there is evidence in the record that not only smoke but soot as well issued from the defendant's smokestack and permeated the air and penetrated plaintiff's premises, to her annoyance and inconvenience." In *Farley* v. *Gate City Gas-Light Co.,* 105 *Ga.* 323, 331 (31 S. E. 193), the court said that "if a nuisance is shown to exist, the law imports damages for an injury to the right, and at least nominal damages may be recovered to protect the right." In *Keener* v. *Addis,* 61 *Ga. App.* 40, 43 (5 S. E. 2d, 695), the court said: "The plaintiff 'must show the existence of the nuisance complained of, that he has suffered injury, and that the injury complained of was caused by the alleged nuisance.'" The foregoing rule is quoted from 46 C. J. 809, § 462. Of course, "a general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance." *Babb* v. *McKinnon,* 185 *Ga.* 663, 664 (196 S. E. 488).

Under the authorities cited we are satisfied that the petition in the instant case states a cause of action that is not subject to general demurrer. The petition as amended substantially alleges that petitioners owned and occupied a dwelling-house located in a *residential* section of the Town of Grey, and that they had been residing there several years before the defendant erected and began to operate its plant within seventy-five feet of said house, and that practically every day since its erection the plant emitted a dense, ill-smelling smoke containing tar and asphalt fumes, cinders and fine dust that streamed into petitioners' home, damaging the house and furnishings in specified ways and causing great annoyance to petitioners and impairing their health.

The court having "passed" the special demurrers, we are not here concerned with misjoinder of parties plaintiff or causes of action,

or with any other thing that can be raised only by special demurrer. We hold that the court did not err in overruling the general demurrer to the petition as amended.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*