31536. SAM FINLEY INCORPORATED *v.* RUSSELL.

Decided April 10, 1947.

*Matthews, Long & Moore,* for plaintiff in error.
*J. H. Paschall, R. F. Chance,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ The defendant contends that the petition failed to set out a cause of action and that the court erred in overruling its general demurrer to the petition. The plaintiff sought to recover damages for the erection and operation of an asphalt-mixing plant near his home and property in such a manner as to create a private nuisance. "A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary reasonable man." Code, § 72-101. "Nuisances are either public or private. . . A private nuisance is one limited in its injurious effects to one or a few individuals." Code, § 72-102. "A private nuisance may injure either the person or property, or both, and in either case a right of action accrues to the person injured or damaged." Code, § 72-104. While the operation of an asphalt-mixing plant is not a nuisance per se *(Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610, 612 (7 S. E. 2d, 172)), it may become a nuisance in fact or a nuisance per accidens by reason of the circumstances or the location and surroundings. *Asphalt Products Co.* v. *Marable,* 65 *Ga. App.* 877 (16 S. E. 2d, 771). Under the allegations of the petition in this case, the defendant, by contaminating the air with oily and smoky dust, grit and dirt, expelled into the air and blown into and upon plaintiff's dwellings and property to his injury and discomfort, has interfered with his enjoyment of his premises and injured and damaged them. The defendant may have been engaged in an occupation which could be lawfully conducted, but it had no right to so conduct its business as to inflict injury and damage to the owner of adjacent property. *Ponder* v. *Quitman Ginnery,* 122 *Ga.* 29, 31 (49 S. E. 746). Also, see *Tate* v. *Mull,* 147 *Ga.* 195 (93 S. E. 212, 3 A. L. R. 310) ; *Holman* v. *Athens Empire Laundry Co.,* 149 *Ga.* 345 (100 S. E. 207, 6 A. L. R. 1564) ; *Pitner* v. *Shugart Bros.,* 150 *Ga.* 340 (103 S. E. 791, 11 A. L. R. 1399) ; *Thrasher* v. *Atlanta,* 178 *Ga.* 514 (173 S. E. 817, 99 A. L. R. 158) ; *Asphalt Products Co.* v. *Marable,* supra. Under the allegations of the petition in this case, a cause of action was stated and the court did not err in overruling the general demurrer thereto.

■ The defendant demurred specially to the allegations of the petition wherein the plaintiff sought to recover damages "for injury and damage to paint on the three dwellings $300," upon the ground that the allegations were vague and indefinite in that the petition failed to allege the value of the paint before the alleged injury and the present value of same so that the defendant could properly prepare its defense. The petition alleged: "that defendant corporation caused the said oily and smoky dust, grit and dirt to be deposited both inside and outside of said three dwellings and thus discoloring and running the paint thereon; that the reasonable value of the said dwellings prior to the said periods of operations by defendant aforesaid was $8000 and the value immediately after said operations, and in consequence thereof, the reasonable value of said dwellings was only $7700 and plaintiff has been injured and damaged in the sum of $300 for which he sues." The allegations of the petition were sufficient to inform the defendant of the injury and damage claimed by the plaintiff to the paint on said dwellings, and the court did not err in overruling special ground 5 of the demurrer.

■ The defendant demurred specially to the allegations of the petition wherein the plaintiff sought to recover "for the inconveniences, worry, trouble, mental and physical pain and suffering . . the sum of $1200," upon the grounds that the same was not a proper and legal measure of damages and called for double damages in that the plaintiff had stated that his injury and damage amounted to $300, which was the difference in the market value of his property before and after the alleged acts of nuisance by the defendant. The defendant also demurred to the allegations "mental and physical pain and suffering" upon the ground that the plaintiff did not allege any physical injury which would warrant a recovery for physical and mental pain and suffering. The defendant contends that the trial judge erred in overruling these special demurrers.

The contention of the defendant, that the petition failed to allege that the plaintiff sustained any physical injury and the court erred in overruling its special demurrer to the allegations of the petition which sought to recover damages for mental and physical pain and suffering is without merit. It is well-settled law in this State that a plaintiff can not recover for mere mental

pain and suffering in the absence of injury to the plaintiff's person or purse. *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183); *McNeal* v. *Seaboard Air-Line Ry.,* 23 *Ga. App.* 473 (98 S. E. 409). In the present case, however, the petition alleged that the defendant had caused the oily and smoky dust to be blown into the plaintiff's home to be inhaled by him, which caused him mental and physical pain and suffering and affected his health. If the inhalation by the plaintiff of the oily and smoky dust caused him physical and mental pain and suffering and affected his health, he would, under the allegations of the petition, be entitled to recover therefor; for it is equally well-settled law, that in order to recover damages for physical pain and suffering it is not necessary that the injury be permanent. The allegations of the petition were sufficient to show that the plaintiff had sustained an injury by inhaling the oily and smoky dust, and the court did not err in overruling this ground of the special demurrer.

Nor were the allegations subject to demurrer that they did not set out a proper and legal measure of damages and called for double damages in that the plaintiff had stated that his injury and damage amounted to the difference in the market value of his property before and after the alleged acts of nuisance. In the case of a private abatable nuisance, such as the one here involved, the plaintiff is entitled to recover for any direct damage to his person or to his property resulting from the nuisance, accruing within the statute of limitations and up to the filing of the petition. "The owner of a dwelling house which he himself occupies as a home is entitled to just compensation for the annoyance and discomfort occasioned by the maintenance by another of a nuisance on adjacent premises." *Swift* v. *Broyles,* 115 *Ga.* 885 (42 S. E. 277, 58 L. R. A. 390). Also, see *Central Georgia Power Co.* v. *Parker,* 141 *Ga.* 198 (80 S. E. 648). It was said in *Towaliga Power Co.* v. *Sims,* 6 *Ga. App.* 749, 760 (65 S. E. 844): "But where the plaintiff is entitled to recover all the direct damages resulting to him from the nuisance . . the person injured may sue for and recover not only any loss occasioned to his interest in the realty by reason of the premises being rendered undesirable through their unhealthful condition, but if he has suffered illness, he may recover separate and additional damages for that. As to

illness suffered by himself personally, the plaintiff may claim damages for pain and suffering. . . As to illness suffered by those members of his family for whose support and maintenance he is legally liable and to whose services he is entitled, he may recover in like manner, except as to the element of pain and suffering." Also, see *Central Georgia Power Co.* v. *Nolen,* 143 *Ga.* 776, 778 (85 S. E. 945); *Jones* v. *F. S. Royster Guano Co.,* 6 *Ga. App.* 506 (65 S. E. 361); *City of Macon* v. *Roy,* 34 *Ga. App.* 603 (130 S. E. 700). In *Swift* v. *Broyles,* supra (page 887), the Supreme Court said: "If, in point of fact, the defendant was guilty of the wrongs complained of, the plaintiff, as owner of the premises described in his petition, was entitled to recover damages for all permanent injuries done to his freehold estate; and as he occupied the premises himself, he also had a right to demand just compensation for such injuries as temporarily deprived him of the unrestricted use and full enjoyment of the same."

Under the allegations of the petition in the present case, the plaintiff was entitled to recover damages for the permanent injury done to his three dwellings by the paint thereon being discolored and caused to run, and, as he occupied one of these dwellings as his home, he was entitled to recover for the annoyance and discomfort caused him by the maintenance of the alleged nuisance by the defendant, and also for any physical and mental pain he may have suffered as a result of his inhalation of the oily and smoky dust. The judge did not err in overruling grounds 7, 8 and 9 of the defendant's demurrer.

■ The assignment of error on the judgment sustaining the special demurrers to portions of the defendant's answer can not now be considered. While a defendant may before a final judgment in an action bring to this court for review a decision overruling a general demurrer to the plaintiff's petition, such defendant can not, in a bill of exceptions sued out in such a case, properly except also to a decision striking his answer or a portion thereof. *Stovall* v. *Rumble,* 71 *Ga. App.* 30 (3), 36 (29 S. E. 2d, 804), and citations.

■ The petition set out a cause of action, and the judgment of the trial judge on the demurrers shows no error.

*Judgment affirmed. Felton and Parker, JJ., concur.*