31650. GATEWOOD *et al. v.* HANSFORD.

DECIDED SEPTEMBER 3, 1947.

*Smith & Undercofler,* for plaintiffs in error.
*Claude N. Morris,* contra.

PARKER, J. "A nuisance is anything that works hurt, inconvenience, or damage to another; and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary reasonable man." Code, § 72-101. "Nuisances are either public or private. A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals." § 72-102. "A private nuisance may injure either the person or property, or both, and in either case a right of action accrues to the person injured or damaged." § 72-104. It has been held that a nuisance at law or a nuisance per se is an act,

occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. *Simpson* v. *DuPont Powder Co.*, 143 *Ga.* 465, 466 (85 S. E. 344); *Standard Oil Co.* v. *Kahn*, 165 *Ga.* 575, 576 (141 S. E. 643); *Thomoson* v. *Sammon*, 174 *Ga.* 751, 757 (164 S. E. 45); *Washington Seminary* v. *Bass*, 192 *Ga.* 808, 816 (16 S. E. 2d, 565); *Poultryland Inc.* v. *Anderson*, 200 *Ga.* 549, 555 (37 S. E. 2d, 785). It is well settled in Georgia that a steam laundry is not a nuisance per se, and "smoke is not per se a nuisance." *Holman* v. *Athens Empire Laundry Co.*, 149 *Ga.* 345 (4) (100 S. E. 207, 6 A. L. R. 1564).

A business otherwise lawful may become a nuisance in fact, or a nuisance per accidens, by reason of improper operation, or by reason of its location. *Poultryland Inc.* v. *Anderson*, supra; *Asphalt Products Co.* v. *Marable*, 65 *Ga. App.* 877, 879 (16 S. E. 2d, 771); *Sam Finley Inc.* v. *Russell*, 75 *Ga. App.* 112 (1a) (42 S. E. 2d, 452). In this connection, it has been held that the injury produced by such a lawful business is actionable if it produces that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable. *Asphalt Products Co.* v. *Marable*, supra; *Ponder* v. *Quitman Ginnery*, 122 *Ga.* 29 (3) (49 S. E. 746); *Poultryland Inc.* v. *Anderson*, supra, p. 556. In the *Holman* case (149 Ga. p. 351), Judge George said: "With respect to dwelling-houses, the rule is stated in Wood on Nuisances (3rd ed.), § 505, as follows: 'The rule is that the comfortable enjoyment of the premises must be *sensibly* diminished, either by actual, tangible injury to the property itself, or by the promotion of such *physical* discomfort, as detracts *sensibly* from the ordinary enjoyment of life.' " In the *Ponder* case, supra, it was held that a business operated so as to discharge lint and dust into the air in great quantities which was blown into the dwelling-house of a neighboring proprietor to his great discomfort and injury was an invasion of his property rights for which an action for damages would lie. And again, in the *Marable* case (65 *Ga. App.* 877), it was said, citing *Coker* v. *Birge*, 9 *Ga.* 425, 429, with approval, that though the act or thing be lawful, if, by reason of its location in a particular place it damages the property of another it is a nuisance. "The petition containing allegations that the defendant in the operation of his business was conducting the same with excessive, unreasonable, and unnecessary noises, to the injury of petitioners,

the court did not err in refusing to dismiss the action on general demurrer." *Wilson* v. *Evans Hotel Co.*, 188 *Ga.* 498 (2) (4 S. E. 2d, 155, 124 A. L. R. 373).

We think that the instant case is controlled adversely to the contentions of the plaintiff in error by the holdings in the numerous cases cited, and particularly the recent case of *Sam Finley Inc.* v. *Russell,* supra. Applying the tests set forth in the cases cited herein, the petition set forth a cause of action, and the court did not err in overruling the demurrer of the defendant thereto.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*