## A03A2381. EFFINGHAM COUNTY BOARD OF COMMISSIONERS v. SHULER BROTHERS, INC.

(595 SE2d 526)

JOHNSON, Presiding Judge.

The Effingham County Board of Commissioners appeals the trial court's grant of summary judgment to Shuler Brothers, Inc. in a case involving the county's noise ordinance. Because we agree with the trial court's decision that Shuler Brothers' actions did not create a public nuisance, we affirm the trial court's grant of summary judgment to Shuler Brothers.

The facts are undisputed. Shuler Brothers, Inc. is in the business of manufacturing and selling wood chips and had contracted to provide wood chips to a paper mill located in Chatham County. Under the contract, Shuler Brothers agreed to build a wood chipping plant in proximity to the paper mill's plant and forest resources. Shuler Brothers found a site suitable for construction of its plant in Effingham County. Before construction of the plant, Shuler Brothers sought approval of the Effingham County Commission to rezone the proposed site. Following a meeting with the Effingham County Planning Board, the board recommended approval of Shuler Brothers' application to rezone the property. Subsequently, the Effingham County Commission approved the application, subject to three restrictions not at issue in this suit. After receiving approval, Shuler Brothers began construction of its chip mill at a cost of approximately $10 million.

After construction was complete and Shuler Brothers began manufacturing and supplying wood chips to the paper mill, Shuler Brothers received a citation for violation of Section 30-37 (15) of the Effingham County Code, which deals with noise levels. The citation provided that the chip mill could only be operated between 7:00 a.m. and 6:00 p.m. Shuler Brothers filed the present lawsuit when an agreement could not be reached with the county regarding its hours of operation. Shuler Brothers filed a motion for summary judgment seeking a declaration that the noise ordinance under which it has been cited is unconstitutional and that the rezoning permit was not conditioned upon its limiting the hours of operation of the mill. Shuler Brothers also sought summary judgment on Effingham County's counterclaim alleging that the operation of the mill at any time other than 7:00 a.m. to 6:00 p.m. constitutes a nuisance by reason of circumstance and surroundings.

The trial court granted Shuler Brothers' motion for summary judgment. Effingham County appeals, alleging only that the trial court erred in failing to find that Shuler Brothers' actions constituted a public nuisance. We find no error, and affirm the trial court's grant of summary judgment to Shuler Brothers on the nuisance claim.

"A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance."[1] However, "[t]hat which the law authorizes to be done, if done as the law authorizes, cannot be a nuisance. Thus, where the act is lawful in itself, it becomes a nuisance only when conducted in an illegal manner to the hurt, inconvenience or damage of another."[2]

The parties do not dispute that Shuler Brothers was authorized by law to operate the chip mill. Since the chip mill was lawful, it could have become a nuisance only if conducted in an illegal manner.[3] And there is no evidence in the record that Shuler Brothers operated the chip mill in an illegal manner. On the contrary, the undisputable fact is that Shuler Brothers operated the chip mill lawfully. The trial court found Effingham County's noise ordinance to be unconstitutional, and the county has not appealed that ruling. "The injuries and inconveniences to persons residing near this [chip mill], such as noises, etc., which result ordinarily and from necessity in the conduct of their business . . . , are not to be classed as nuisances."[4] Because the chip mill was a legal enterprise operated as the law authorized, it cannot have been a nuisance.[5]

*Galaxy Carpet Mills v. Massengill*,[6] cited by Effingham County in support of its argument, is distinguishable. In *Galaxy Carpet Mills*, the plant changed its method of operation after 12 years and began emitting large amounts of soot and ash and creating loud and offensive noises. We affirmed the trial court's denial of the plant's motion for a directed verdict, finding that a lawful business may become a nuisance per accidens by reason of its location in a residential area. In the present case, however, Shuler Brothers is operating its chip mill in a location specifically negotiated and rezoned for the operation of a chip mill. And, Shuler Brothers has not changed its method of operation after a period of many years or performed any action, illegal or otherwise, which would not ordinarily and necessarily be performed by a chip mill. The trial court did not err in granting summary judgment to Shuler Brothers on the nuisance claim.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[1] OCGA § 41-1-1.

[2] (Citations and punctuation omitted.) *City of Douglasville v. Queen*, 270 Ga. 770, 773 (4) (514 SE2d 195) (1999).

[3] See *Anderson v. Atlanta Committee for the Olympic Games*, 261 Ga. App. 895, 901 (3) (584 SE2d 16) (2003).

[4] *Wilson v. Evans Hotel Co.*, 188 Ga. 498, 501 (1) (4 SE2d 155) (1939).

[5] *Anderson*, supra.

[6] 255 Ga. 360 (1) (338 SE2d 428) (1986).

DECIDED JANUARY 30, 2004 —
RECONSIDERATION DENIED FEBRUARY 23, 2004

*Zipperer & Lorberbaum, Eric R. Gotwalt,* for appellant.
*Bouhan, Williams & Levy, Walter C. Hartridge,* for appellee.