**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 6, 2021**

# In the Court of Appeals of Georgia

A21A1551. KEMPTON v. SOUTHERN FLAVOR REAL ESTATE, LP.

MCFADDEN, Presiding Judge.

Thomas Kempton filed a complaint against Southern Flavor Real Estate, claiming that light emitted from a commercial greenhouse constituted a nuisance to his neighboring property. Southern Flavor filed a motion for summary judgment, which the trial court granted. Kempton appeals, challenging the grant of summary judgment on his nuisance claim. Because the undisputed facts show that Southern Flavor was authorized by law to operate the greenhouse and did so in a lawful manner, we affirm the trial court's summary judgment ruling.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant or

denial of summary judgment de novo, construing the evidence in favor of the nonmovant." *Klingensmith v. Long County*, 352 Ga. App. 21 (833 SE2d 608) (2019) (citation and punctuation omitted).

So viewed, the evidence shows that after recruitment efforts by the Peach County Development Authority, Southern Flavor located its greenhouse on rural land zoned for agricultural use in Peach County. To supplement natural sunlight from October until March, the greenhouse uses automated lights mounted near the glass roof and pointed down toward the floor. A significant amount of the light reflects upward and is emitted through the roof. There is no feasible means of limiting the light emissions in order for the greenhouse to function properly. Kempton owns ten acres of neighboring land, upon which there is a house located about 1,000 feet from the greenhouse, a pecan orchard of approximately 30 trees, and six fenced acres for goats. Kempton testified that the emitted light is like sunrise and awakens him in the middle of the night, affects his natural balance, and diminishes his quality of life.

"A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." OCGA § 41-1-1. However,

that which the law authorizes to be done, if done as the law authorizes, cannot be a nuisance. Thus, where the act is lawful in itself, it becomes a nuisance only when conducted in an illegal manner to the hurt, inconvenience or damage of another. That the business itself is offensive to others, or that property in the neighborhood of such business is necessarily adversely affected thereby, or that persons of fastidious taste would prefer its removal, is not sufficient. By way of example, in *Effingham County Bd. of Commrs. v. Shuler Bros.*, 265 Ga. App. 754, 755 (595 SE2d 526) (2004), this [c]ourt refused to impose nuisance liability on a wood chipping mill which was operating in a properly zoned location and which was lawfully conducting activities properly associated with the business of a chip mill, even though neighbors found the activity disruptive.

*McBrayer v. Governors Ridge Office Park Assn.*, 359 Ga. App. 741, 744-745 (1) (a) (1) (860 SE2d 58) (2021) (citations and punctuation omitted). Accord *City of Douglasville v. Queen*, 270 Ga. 770, 773 (4) (514 SE2d 195) (1999).

Here, it is undisputed that Southern Flavor obtained all necessary licenses and permits and was authorized by law to operate the greenhouse on the site zoned for agricultural use. So "it could have become a nuisance only if conducted in an illegal manner." *Effingham County*, supra. But there is no evidence that the greenhouse was operated in an illegal manner. On the contrary, the undisputed evidence shows that Southern Flavor operated the greenhouse lawfully.

Kempton argues that the greenhouse should nevertheless be deemed a nuisance because of its location. He cites a line of cases holding,

3

> If one do[es] an act, of itself lawful, which, being done in a particular place, necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act where it will not be injurious or offensive. . . . To constitute a nuisance, it is not necessary that the noxious trade or business should endanger the health of the neighborhood. It is sufficient if it produces that which is offensive to the senses, and which renders the enjoyment of life and property uncomfortable.

*Asphalt Products Co. v. Marable*, 65 Ga. App. 877, 880 (16 SE2d 771) (1941) (quoting *Coker v. Birge*, 9 Ga. 425, 428 (54 Am. Dec. 347) (1850)). See also *Poultryland, Inc. v. Anderson*, 200 Ga. 549, 556 (1) (37 SE2d 785) (1946).

But that line of cases applies if the operation of the alleged nuisance are inconsistent with the area.

> These cases . . . have involved the placement of commercial businesses which are inconsistent with a residential community in residential areas. See *McGowan v. May*, 186 Ga. 79 (196 SE 705) (1938) (funeral home in a residential neighborhood); *Benton v. Pittard*, 197 Ga. 843, 846 (31 SE2d 6) (1944) (venereal disease clinic in residential neighborhood); *Poultryland*, 200 Ga. at 556 (1) (poultry plant in a neighborhood which was both commercial and residential).

*McBrayer*, supra 359 Ga. App. at 746 (1) (a) (1).

Unlike the commercial businesses in those cases, Southern Flavor's greenhouse is not located in the wrong place or operating in a manner inconsistent with the rural area. Rather, Southern Flavor "is operating its [greenhouse] in a location [to which

4

it was] specifically [recruited] and [that is ]zoned for [agricultural] operation[s]. And, [Southern Flavor] has not . . . performed any action, illegal or otherwise, which would not ordinarily and necessarily be performed by a [greenhouse]." *Effingham County*, supra at 755. Because the greenhouse is a legal enterprise operated as the law authorizes, "[t]he trial court did not err in granting summary judgment to [Southern Flavor] on the nuisance claim." Id.

*Judgment affirmed. Senior Appellate Judge Herbert E. Phipps concurs. Rickman, C. J., concurs fully and specially.*

# In the Court of Appeals of Georgia

A21A1551. KEMPTON v. SOUTHERN FLAVOR REAL ESTATE, LP.

RICKMAN, Chief Judge, concurring fully and specially.

I concur fully because we are bound by existing precedent, but I write separately because our precedent appears to conflict with the plain language of OCGA § 41-1-1.

As noted in the majority opinion, OCGA § 41-1-1 defines a nuisance as "anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." Thus, the statute specifically recognizes that a lawful act may be a nuisance. Decisions from this Court and our Supreme Court, however, impose the additional requirement that

6

to be a nuisance an act must be done in a illegal manner. This construction appears to be in conflict with our duty when considering the meaning of a statute that "we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). "To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. Id. at 172-73 (1) (a)." It is difficult to understand how we are affording the statutory text of OCGA § 41-1-1 its plain and ordinary meaning when we ignore its inclusion of lawful acts.

Because "we have no authority to overrule or modify a decision made by the Supreme Court of Georgia, as the decisions of the Supreme Court shall bind all other courts as precedents" any review of the plain language of OCGA § 41-1-1 and its apparent conflict with existing precedent would be a job for our Supreme Court. (Citation and punctuation omitted.) *Watson v. State*, 337 Ga. App. 16, 18 (2) (785 SE2d 656) (2016).